PRUNTY, Administratrix and Individually, Appellant, v.
SCHWANTES and another, Respondents.

*No. 19.   Argued October 3, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 34.)

For the appellant there was a brief by *Pfannerstill, Camp & Tyson* of Wauwatosa, and oral argument by *Mark M. Camp* and *Richard F. Tyson.*

For the respondents there was a brief by *Otjen, Philipp & McFadyen,* attorneys, and *Ernest J. Philipp* of counsel, all of Milwaukee, and oral argument by *Ernest J. Philipp.*

HANLEY, J. This appeal presents two issues: (1) Should an award in a survival action include an amount for loss of enjoyment of life and loss of expected earnings; and (2) should the "pecuniary loss" rule of sec. 895.04, Stats., be modified?

## Survival Action.

This case clearly presents the difference between a survival action and a wrongful death action. The survival action is brought by the representative of the deceased for personal injury damages suffered by the deceased prior to his death. The damages accrue to the estate of the deceased. The right to bring a survival action is based on sec. 895.01, Stats.,[3] and the predecessor sections to that statute.

The wrongful death action, on the other hand, is brought by the personal representative of the deceased or by certain enumerated relatives. Even when the personal representative brings the action, the damages accrue to the relatives. These wrongful death actions are based on secs. 895.03 and 895.04, Stats.[4]

The appellant now urges that the standards for determining damages under both the survival action and the wrongful death action be changed. In regard to the survival action, appellant is not contending that the trial court misapplied the existing law, but she contends that the law should be modified to recognize a common law liability from the wrongdoer to the decedent for damages

---

[3] "What actions survive. In addition to the actions which survive at common law the following shall also survive: Actions for the recovery of personal property or the unlawful withholding or conversion thereof, for the recovery of the possession of real estate and for the unlawful withholding of the possession thereof, for assault and battery, false imprisonment or other damage to the person, for all damage done to the property rights or interests of another, for goods taken and carried away, for damages done to real or personal estate, equitable actions to set aside conveyances of real estate, to compel a reconveyance thereof, or to quiet the title thereto, and for a specific performance of contracts relating to real estate. Actions for wrongful death shall survive the death of the wrongdoer whether or not the death of the wrongdoer occurred before or after the death of the injured person." A version of this statute first appeared in Wisconsin in R. S. 1849, ch. 96, sec. 6.

[4] A version of sec. 895.03 first appeared in the statutes in R. S. 1858, ch. 135, sec. 12. The first version of sec. 895.04 appeared in R. S. 1858, ch. 135, sec. 13.

from loss of life and loss of expected earnings. In support of this contention appellant insists that a tortfeasor who wrongfully causes the death of another is immune from civil liability.

The only immunity a wrongdoer has is from the estate of the deceased. This immunity exists only because the legislature has seen fit to permit the relatives to recover for the wrongful death rather than the estate of the deceased. This very subject was discussed in *Johnson v. Eau Claire* (1912), 149 Wis. 194, 199, 135 N. W. 481:

". . . But no right of action which rests solely upon causing death survives, because a new right of action is given for that, and it seems manifest that the legislature did not intend that the party in default should be twice liable for the same act. . . ."

Appellant would have this court find that the wrongful death statutes give a remedy to surviving relatives in addition to what appellant describes as the "common law remedy." [5]

Appellant's contention notwithstanding, it was the common law rule in this state that personal torts do not survive the injured party.

". . . it has become the generally, if not the universally, accepted doctrine that . . . causes of action arising from torts to real and personal property survive and pass to the personal representative as assets in his hands, while torts purely personal do not survive in the absence of statutory provision." 1 Am. Jur. 2d, *Abatement, Survival, and Revival,* p. 87, sec. 51.

". . . As a general rule at common law contract actions survived while tort actions died with the person."

---

[5] Appellant develops an interesting argument which tends to show that the common law adopted in Wisconsin in 1848 did not strictly *prohibit* an action by a personal representative for death damages for the estate of the deceased. Conspicuous by its absence is any showing that the common law ever *permitted* this type of damages. To say that death damages were not prohibited is not to say that they were permitted.

*Wogahn v. Stevens* (1940), 236 Wis. 122, 127, 294 N. W. 503.

"It is often said that at common law contract actions survive while tort actions die with the person." *P. C. Monday Tea Co. v. Milwaukee County Expressway Comm.* (1964), 24 Wis. 2d 107, 111, 128 N. W. 2d 631.

It is also worthy of note that the general common law rule was followed in the early Wisconsin cases.

"It being, therefore, an action of tort, and the sole party in interest having died, the next inquiry is, whether it falls within the general rule of the common law, that such an action does not survive the death of the party in whose favor it existed." *Woodward v. Chicago & N. W. Ry.* (1868), 23 Wis. 400, 405.

"As it appears from the record that the plaintiff has died since the trial of the action, so much of the action as seeks a recovery for injury to the person of the plaintiff, now deceased, has abated." *Randall v. Northwestern Telegraph Co.* (1882), 54 Wis. 140, 149, 150, 11 N. W. 419.

Since causes of action for damage to the person did not survive the death of the injured party in Wisconsin until the legislature acted in 1887,[6] it is quite obvious that the common law of Wisconsin will not support an award of damages to the deceased's estate for loss of life or loss of expected earnings.

The appellant argues that there is no logical reason for continuing the rule that denies recovery to a deceased's estate.

We believe that there is a logical basis for denying the requested rule of damages. After a person dies, he can no longer be compensated, nor does he need the compensation. Ordinarily, damages in negligence actions are permitted to compensate the injured party and not for the purpose of punishing a wrongdoer.

"Compensation is the stated goal of courts in awarding damages for tortious injury or for breach of a con-

---

[6] Ch. 280, Laws of 1887.

tractual promise. With torts, compensation most often takes the form of putting the plaintiff in the same financial position he was in prior to the tort." 22 Am. Jur. 2d, *Damages*, p. 28, sec. 12.

When a person has been instantaneously killed, our legislature has decided that the survivors of the deceased are the ones that have actually been damaged, and they are the ones that should be compensated. Frankly, appellant's problem in this case only arises because she is not satisfied with the compensation given to the survivors of the deceased. In most situations, and also in this case, any funds accruing to the decedent's estate will be passed on to the same persons that the legislature has designated as beneficiaries under the wrongful death statutes. What appellant really seeks to do by her proposal here is to bypass the statutory limitation imposed by the legislature on wrongful death awards.

The bare allegation that a deceased person is uncompensated when he is killed and compensated when he is injured has grossly overstated the facts of this case. The deceased's estate is not compensated because the deceased's survivors are given the deceased's remedy. We see no fault with this result.

### Modification of "Pecuniary Loss" Rule.

Appellant also contends that the method of determining damages in a wrongful death action should be modified. Sec. 895.04 (4), Stats., provides:

"Judgment for damages for pecuniary injury from wrongful death shall not exceed $35,000. . . ."

When the original statutes permitting wrongful death actions passed the Wisconsin legislature,[7] the words "pecuniary injury" were also included.

---

[7] Ch. 71, secs. 1 and 2, Laws of 1857. These laws were first found in the statutes in R. S. 1858, ch. 135, secs. 12 and 13. Those two sections are the predecessor statutes to the present day secs. 895.03 and 895.04, Stats.

This court first referred to the "pecuniary injury" in *Potter v. Chicago & N. W. Ry.* (1867), 21 Wis. 377, 379 (\*372, \*374):

> ". . . The statute does not say, in terms, on what principle the damages are to be assessed. But all the authorities are to the effect, that vindictive damages are not to be given; nor are they to be given for loss of society, or as a *solatium,* or for injury to feelings; but they must be founded on pecuniary loss actual or expected, and should be calculated in reference to a reasonable expectation of pecuniary benefit, as of right or otherwise, from the continuance of the life."

Eventually the pecuniary benefit of a minor became his probable wages and the value of services rendered, less the cost of his upkeep, to the time of his majority. In exceptional cases, it was possible to show that the parents would obtain some pecuniary benefit after the child's majority.

Appellant now contends that conditions in society have changed. Children no longer bring home their pay nor are they capable of rendering much assistance at home because of the demands of school. Thus, appellant contends, the wrongful death act as it applies to minors is a nullity. There is no recovery.

Appellant would have this court adopt the decision of *Wycko v. Gnodtke* (1960), 361 Mich. 331, 337, 338, 105 N. W. 2d 118, wherein the Supreme Court of Michigan overruled the pecuniary benefit theory on the ground that it was no longer applicable to this day and age:

> ". . . there still exists in the law this remote and repulsive backwash of time and civilization, untouched by the onward march of society, where precedents we alone honor tell us that the value of the life of a child must be measured solely by the standards of the day when he peddled the skill of his hands and the strength of his back at the factory gates."

However, the court in *Wycko* did not throw out the pecuniary benefit theory as we know it in Wisconsin; they merely added in the element of "companionship" in arriving at the value of the life. The court there felt compelled to add this element into the definition of "pecuniary benefit" because the Michigan legislature had failed to act on the matter.

The appellant contends that a proper measure of damages when a minor is the deceased is the total investment that the parents have in the child up to the time of death. The *Wycko Case* obviously does not support this proposition, nor do the other cases cited by appellant bolster her contention.

". . . the measure of damages . . . should be extended to include the loss of companionship of a minor child during his minority without giving any consideration for grief, mental anguish or suffering of the parents by reason of such child's wrongful death. This rule is consistent with the better reasoned cases and the modern trend in other jurisdictions of this country." *Lockhart v. Besel* (1967), 71 Wash. 2d 112, 117, 426 Pac. 2d 605.

". . . The contention that recovery would have to be limited to his earning capacity is without merit. The instruction correctly permits the jury to compensate for the loss of the boy's comfort, society and companionship." *Van Cleave v. Lynch* (1946), 109 Utah 149, 159, 166 Pac. 2d 244.

Minnesota came to a similar conclusion:

". . . there is a growing appreciation of the true value of the parent of the rewards which flow from the family relationship and are manifested in acts of material aid, comfort, and assistance which were once considered to be only of sentimental character." *Fussner v. Andert* (1961), 261 Minn. 347, 353, 113 N. W. 2d 355.

None of the courts have gone as far as appellant suggests this court should do. It hardly needs to be mentioned that Wisconsin has allowed damages for loss of

society and companionship in wrongful death actions since 1931.[8] At present the damages are limited to $3,000.[9]

Appellant's proposed measure of damages deserves a further comment. If the parents are considered to have an investment in the child, should not the investment be reduced by the amount of enjoyment the parents received from the child up to the time of the child's death? Should the recovery be limited to only the reasonable expenditures, or should tables of average expenditures be used?

Because the appellant's contentions have been treated on their merits, it is not necessary to make more than a passing reference to the fact that:

"A cause of action for wrongful death is purely statutory . . . ." *Cogger v. Trudell* (1967), 35 Wis. 2d 350, 353, 151 N. W. 2d 146.

The legislature created the remedy and has kept a watchful eye on its provisions. By way of example, sec. 895.04, Stats., was recently amended to raise the damages for pecuniary injury to $35,000;[10] at the same time other changes were made. Since the remedy is completely statutory and since our legislature has consistently updated the remedy in this state, there is no basis for this court to act.

We conclude that the trial court properly dismissed the cause of action of the plaintiff for "pecuniary loss" and the cause of action of the plaintiff administratrix for loss of life upon their merits.

*By the Court.*—Judgment affirmed.

---

[8] Ch. 263, Laws of 1931.

[9] 895.04 (4), Stats.: ". . . Additional damages not to exceed $3,000 for loss of society and companionship may be awarded to spouse, unemancipated or dependent children or parents of deceased. . . ."

[10] Secs. 895.04 (4) and (5), Stats., amended by ch. 267, Laws of 1967.