KRANTZ, Appellant, v. HARRIS, d/b/a O. C. HARRIS COMPANY, Respondent.

*No. 48.   Argued October 31, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 628.)

For the appellant there was a brief and oral argument by *George F. Jacobs, Jr.*, of Madison.

For the respondent there was a brief by *Ross, Stevens, Pick & Spohn* of Madison, and oral argument by *Frank A. Ross, Jr.*

CONNOR T. HANSEN, J. The death of Dennis C. Williams occurred as a result of an injury he sustained while a business invitee on the premises of the defendant. At the time of the death of Williams he was not married to the plaintiff's mother, and the plaintiff was born after Williams died.

The complainant alleges:

"1. That the plaintiff is a minor child, the son of Dennis C. Williams, residing at 1643 Maple Street, Middleton, Dane County, Wisconsin."

and

"3. That this action is brought under the provisions of Chapter 895 of the Wisconsin Statutes for the wrongful death of Dennis C. Williams, the father of the plaintiff."

The record reflects that for the purpose of the demurrer, the defendant concedes that the plaintiff would be able to establish that the mother of the plaintiff and the decedent were engaged to be married when death occurred.

Sec. 895.04 (2), Stats., in setting forth to whom the amount recovered in a wrongful death action belongs, states in part:

". . . if no spouse survives, to the deceased's *lineal heirs* as determined by s. 237.01; . . ." (Emphasis added.)

Under sec. 237.01, Stats., those lineal heirs first in the order of descent are:

"
. . .
"(1) . . . his children and to the lawful issue of any deceased child by right of representation; . . ."

However, for the purposes of determining heirship of children born out of wedlock, sec. 237.06, Stats., provides:

"**Heirship of children born out of wedlock.** Every child born out of wedlock shall be considered as heir of the person who shall, *in writing signed in the presence of a competent witness, have acknowledged himself to be the father of such child or who shall be adjudged to be such father under the provisions of ss. 52.21 to 52.45, or who shall admit in open court that he is such father,* and shall in all cases be considered as heir of his mother, and shall inherit his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he shall not be allowed to claim, as representing his father or mother any part of the estate of his or her kindred, either lineal or collateral, unless before his death he shall have been legitimated by the marriage of his parents in the manner prescribed by law." (Emphasis added.)

Except as to a surviving spouse, the wrongful death statute itself, as it is now written, contains no provision for succession of beneficiaries but refers specifically to sec. 237.01, Stats., in the general laws of descent.

This court has never been called upon to consider the specific question now before us, *i.e.,* whether an illegitimate child may recover for wrongful death of his putative father where no paternity has been established pursuant to sec. 237.06, Stats., and there has been no legitimization by marriage. However, in *Andrzejewski v. Northwestern Fuel Co.* (1914), 158 Wis. 170, 179, 148 N. W. 37, where a mother successfully recovered for the wrongful death of her illegitimate child, this court stated that a statutory acknowledgment or legitimization by marriage was necessary for a father to recover for the death of his illegitimate child.

"The policy of our written law is to give an illegitimate, as regards the mother, substantially the same status as a child born in lawful wedlock. That was the situation when the law as it now exists respecting recoveries for loss accruing to ancestors by the negligent killing of their children, was enacted. The legislature must have appreciated that in providing for a recovery

for the benefit of the lineal ancestors in default of their being lineal descendants. Sec. 4256, Stats. The statute is general. It makes no discrimination between lineal ancestors of illegitimates and those of legitimates. The former have inheritable and descendible blood as to the mother. Secs. 2273, 2274. *That is not so as to the father, especially in the absence of a statutory acknowledgment of paternity or legitimization by marriage. So while there is reason for excluding the father of an illegitimate from the privileges of the statute there is none as to the mother.*" (Emphasis added.)

*Cogger v. Trudell* (1967), 35 Wis. 2d 350, 151 N. W. 2d 146, was a situation where an illegitimate brought suit for the wrongful death of his mother. Recovery was denied because there was a surviving spouse and the question of a wrongful death action by an illegitimate child against an alleged putative father was not before the court. However, this court did state that a dependent minor, illegitimate child could maintain a cause of action for the wrongful death of his mother if the child was a preferred beneficiary under the statute.

The appellant has directed our attention to cases in other jurisdictions which we have considered. It is also urged that the first sentence in sec. 895.04 (2), Stats., contemplates recovery by a minor with whose support the deceased was legally charged. Appellant argues that since deceased here would have been legally charged with support of his illegitimate child pursuant to ch. 52, the child may recover. The pertinent parts of sec. 895.04 (2) are as follows:

"(2) If the deceased *leaves surviving a spouse,* and minor children under 18 years of age with whose support he was legally charged, the court . . . in recognition of the duty and responsibility of a parent to support his minor children, shall determine the amount, if any, *to be set aside for the protection* of such children after considering the age of such children, the amount in-

volved, the capacity and integrity of the surviving spouse . . . ." (Emphasis added.)

This argument must fail because, initially, the statute contemplates situations where there is a surviving spouse. Here there is none. Also in *Cogger v. Trudell, supra,* this court pointed out that the purpose of that portion of the statute was to allow the courts to deal with the proceeds, which would otherwise go to the surviving spouse, in such a way as to protect dependent children.

A cause of action for wrongful death is purely statutory. At common law no such right existed. *Krause v. Home Mut. Ins. Co.* (1961), 14 Wis. 2d 666, 112 N. W. 2d 134. Since sec. 895.04 (2), Stats., provides for the bringing of an action for wrongful death by, among others, the deceased's *lineal heirs* as determined by sec. 237.01, we are of the opinion that the statutory provisions of ch. 237 on the laws of descent are controlling in determining the *lineal heirs* of the decedent. The result is that an illegitimate child may recover for the wrongful death of his putative father only if the paternity has been established pursuant to sec. 237.06, or there is legitimization by marriage. The appellant acknowledges that he cannot meet the burden of proof required by sec. 237.06.

*By the Court.*—Order affirmed.