C. R., by his Guardian ad Litem, James C. Herrick, Jr., Plaintiff-Respondent,

v.

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, a Wisconsin insurance corporation, Defendant-Appellant.

Court of Appeals

*No. 82–1096. Submitted on briefs December 24, 1982.—
Decided April 11, 1983.*
(Also reported in 333 N.W.2d 121.)

For the defendant-appellant the cause was submitted on the briefs of *Scott G. Pernitz* and *John D. Winner* and *Winner, McCallum, Hendee & Wixson,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James C. Herrick, Jr.,* and *Herrick & Bilka, S.C.* of Fond du Lac.

Before Gartzke, P.J., Dykman, J. and W. L. Jackman, Reserve Judge.

GARTZKE, P.J.   Defendant American Standard Insurance Company of Wisconsin appeals from a judgment declaring that plaintiff C.R., born out of wedlock, may maintain an action for the wrongful death of C.R.'s putative father, Kevin, because Kevin had acknowledged in writing that he was C.R.'s father. The question is whether the trial court erred by considering the surrounding circumstances when deciding the meaning of the writing. We hold that the court did not err. We therefore affirm.

The trial court's factual findings are largely uncontested. The court found that C.R.'s mother, Kay, and Kevin were engaged to marry on Christmas 1976. They lived together and had sexual intercourse during the ensuing months. In late August 1977 Kay learned she was pregnant. The couple planned to marry November 5, 1977 and obtained a marriage license in mid-October. October 29, 1977 Kevin was killed in an automobile accident, never having married Kay. C.R. was born the following March.

In early September 1977 Kevin sent a signed letter to his mother, in which he said:

Mom you are going to be *Grandmaw*. I supose dad will be mad. We are planning our wedding for November, before deer hunnting. teil dad I will send party tag slip as soon as I get my licence. Kay & I will try to get down this weeks end. Hope you have some sweet corn left. [Emphasis in original.]

The trial court's subsequent findings are contested. The court inferred from the letter an acknowledgment by Kevin that Kay was pregnant and that they planned to marry because of the unborn child. The court found that the letter, considered in relation to the totality of the circumstances, constituted an acknowledgment by Kevin that he was the father of the unborn child.

An illegitimate child may recover for the wrongful death of its putative father only if the child is legitimated by marriage or if paternity has been established by what is now sec. 852.05(1), Stats. *Krantz v. Harris,* 40 Wis. 2d 709, 714, 162 N.W.2d 628, 630 (1968).

Section 852.05(1), Stats.,[1] provides:

A child who is not legitimate or the child's issue is entitled to take in the same manner as a legitimate child by intestate succession from and through his or her mother, and from and through his or her father if the father has either been adjudicated to be the father in a paternity proceeding under ch. 767, or has admitted in open court that he is the father, *or has acknowledged himself to be the father in writing signed by him.* [Emphasis added.]

An acknowledgment of paternity is sufficient if it appears with reasonable clearness and certainty from the

[1] As amended by sec. 189, ch. 391, Laws of 1981, effective June 17, 1982. Although the amendment was effective after the trial court's decision, it made no change material to this case. We therefore quote the current statutory language.

written words. *Estate of Ecker,* 174 Wis. 432, 436, 182 N.W. 977, 978 (1921) ; *Richmond v. Taylor,* 151 Wis. 633, 643, 139 N.W. 435, 438–39 (1913). It need not be in a particular form or made for the purpose of establishing paternity. *See, e.g., Ecker,* 174 Wis. at 435, 182 N.W. at 978 (contract describing purchasers as "Joseph Ecker and son" and signed by Joseph and Adolph Ecker, and note signed by Joseph Ecker stating, "Give my son Adolph a keg of beer on my name," constituted sufficient acknowledgment of paternity).

An acknowledgment that one is the father of another is an admission or recognition that the other is his child. Whether that admission or recognition has occurred depends on the intention of the putative father. The existence of a particular intent is a factual inference drawn from another fact or facts.

If more than one reasonable inference may be drawn, an appellate court must accept the one chosen by the trial court. *Onalaska Electric Heating, Inc. v. Schaller,* 94 Wis. 2d 493, 501, 288 N.W.2d 829, 833 (1980) ; *Estate of Beale,* 15 Wis. 2d 546, 556, 113 N.W.2d 380, 385 (1962). We accept as reasonable the trial court's inferences from Kevin's letter that he acknowledged that Kay was pregnant and that they planned to marry because of the unborn child. We turn to the propriety of inferring an acknowledgment of paternity from the letter in relation to the circumstances.

Contending that the trial court blundered by considering the circumstances, American Standard cites 10 Am. Jur. 2d *Bastards* sec. 56 at 884–85 (1963), to the effect that a written acknowledgment must be complete within itself, at least so far as the acknowledgment of paternity is concerned, and must not require aid from extraneous evidence as to this fact. We are not persuaded by the treatise. The treatise cites *Holloway v. McCormick,* 136

P. 1111, 1114 (Okla. 1913), to support that proposition. *Holloway*, however, contains mere dictum regarding extraneous circumstances. The cases cited by the *Holloway* court do not support the dictum, except as to the Nebraska decisions, which the treatise notes were expressly overruled by *Peetz v. Masek Auto Supply Company*, 74 N.W.2d 474, 479 (Neb. 1956).

Why extrinsic evidence should be inadmissible to make certain that a signed writing is an acknowledgment has not been established to our satisfaction. Section 852.05 (1), Stats., does not expressly prohibit resort to extrinsic evidence when determining the intention of the putative father. The statute does not even define an acknowledgment. As noted by the Legislative Council in its comment to sec. 852.05(1), the language pertaining to an acknowledgment "has been given a liberal interpretation by the Supreme Court, a continuation of which should be assured by use of the same language in this section." *Wis. Stats. Ann.* sec. 852.05, Comment—1969 at 51 (1971). We should continue the same liberal interpretation.

We recognize that *In re Estate of Blumreich*, 84 Wis. 2d 545, 562–63, 267 N.W.2d 870, 878 (1978), *appeal dismissed*, 439 U.S. 1061 (1979), emphasized that "[p]roof of paternity by posthumous second-hand testimony would be imprecise, unreliable and susceptible to fraudulent claims, and would inject intolerable uncertainty into estate proceedings and wrongful death actions." *Blumreich*, however, does not condemn the use of surrounding circumstances or extrinsic evidence to make certain a written acknowledgment. Reasonable clearness and certainty, not formality, are all the case law requires over and above the statutory provisions. *Ecker* and *Richmond, supra.*

The case law is consistent with our holding that the surrounding circumstances or extrinsic evidence may be

utilized to make certain a writing claimed to be an acknowledgment. The *Richmond* court found an acknowledgment sufficient when "made in unmistakable terms and under such circumstances as to exclude inadvertence or mistake." 151 Wis. at 644, 139 N.W. at 439. In *Estate of Dexheimer*, 197 Wis. 145, 152, 221 N.W. 737, 740 (1928), the court said: "[P]aternity must be acknowledged under such facts and circumstances as to lead to a reasonable conclusion that the person making the acknowledgment is in fact the natural father of the child." In *Estate of Bailey*, 205 Wis. 648, 655, 238 N.W. 845, 848 (1931), the court found a sufficient acknowledgment where the putative father was taken before a justice of the peace on a paternity charge and signed a lost or destroyed document, said to contain the following obscure statement: "in full acknowledgment of the above named child I hereby settle this amount for maintenance of said child."

Paternal acknowledgment is one way an illegitimate child obtains entitlement under sec. 852.05(1), Stats., to take by intestate succession. A will establishes entitlement to testamentary succession. The rules for determining the intent of a putative father claimed to have acknowledged paternity ought to be similar to those for determining the intent of a testator. If the testator's intent is unclear, we refer to the surrounding circumstances or extrinsic evidence. *In re Estate of Ganser*, 79 Wis. 2d 180, 187, 255 N.W.2d 483, 486 (1977).

We therefore hold that a trial court may look to the surrounding circumstances or extrinsic evidence to determine whether a signed writing, in light of those circumstances or evidence, constitutes a reasonably clear and certain acknowledgment of paternity.

No issue is raised regarding the clearness or certainty of the acknowledgment, when considered in relation to the surrounding circumstances. We therefore conclude the judgment must be affirmed.

*By the Court.*—Judgment affirmed.