Daniel J. WEISS, Personal Representative of the Estate of Patrick J. Szopinski, deceased, Plaintiff-Appellant-Petitioner,

v.

REGENT PROPERTIES, LTD., a Wisconsin corporation, Marvin L. Zembrosky, Jeffrey Zembrosky, Jean Zembrosky, A. & L. Z. Properties Co., Inc., a Wisconsin corporation, and Armor Elevator Co., Inc., a foreign corporation, Defendants-Respondents.

Supreme Court

*No. 82–696. Argued March 27, 1984.—Decided April 24, 1984.*

(Also reported in 346 N.W.2d 766.)

For the plaintiff-appellant-petitioner there was a brief in court of appeals by *Aaron Belongia* and *Fiorenza, Weiss, Amato, Hodan & Belongia, S.C.*, Milwaukee, and oral argument by *Aaron Belongia.*

For the defendant-respondent, Regent Properties, Ltd., there was a brief in court of appeals by *Mont L. Martin, Randall J. Sandfort* and *Philipp & Sletteland, S.C.*, Milwaukee, and oral argument by *Mr. Sandfort.*

For the defendant-respondent, Armor Elevator Co., Inc., there was a brief in court of appeals by *James Samuelsen* and *Godfrey, Trump & Hayes,* Milwaukee, and oral argument by *Mr. Samuelsen.*

WILLIAM G. CALLOW, J. This is a review of an order affirming a Milwaukee county circuit court order, issued by Judge Laurence C. Gram, Jr., dismissing for failure to state a claim the suit brought by the personal representative of an estate for pecuniary loss of the decedent. We affirm the court of appeals.

The issue presented on appeal is whether an estate has a cause of action to recover damages on its own behalf for pecuniary loss of the decedent.

On November 27, 1979, William C. Whitten, Jr., the personal representative of the estate of Patrick J. Szopinski[1] (Estate), filed a complaint alleging that the defendants were liable for the instantaneous death of Patrick Szopinski in a freight elevator accident on August 3, 1977. The Estate sought pecuniary damages of $800,000 because the Estate "was deprived of the earning capacity of said Patrick J. Szopinski." No other damages were alleged. On July 8, 1980, defendant Regent Properties, Ltd., filed a motion to dismiss the complaint for failure to state a claim for which relief could be granted. In support of its motion, Regent Properties argued that the Estate was not one of the beneficiaries entitled to recover for pecuniary loss under sec. 895.04, Stats., and, in the absence of other named plaintiff beneficiaries, the complaint failed to state a claim for which relief could be granted.

The Estate on July 31, 1980, filed an amended complaint, realleging the allegations of the original com-

---

[1] By stipulation and order entered November 24, 1980, Daniel J. Weiss, the new personal representative of the Estate, was substituted as plaintiff in place of William C. Whitten, Jr.

plaint and naming as additional plaintiffs the decedent's parents, Edward and Bernadine Szopinski. The parents made a separate claim of $150,000 for funeral expenses, pecuniary loss, and loss of society and companionship.

On December 9, 1981, the defendant Armor Elevator Company, Inc., also filed a motion to dismiss the plaintiff's complaint for failure to state a claim. In a memorandum decision filed January 5, 1982, the circuit court concluded that sec. 895.04, Stats., did not authorize the Estate to recover damages on its own behalf for the decedent's loss of future earnings. By order entered January 29, 1982, the court dismissed with prejudice for failure to state a claim that portion of the complaint where the Estate sought recovery for pecuniary loss due to Patrick Szopinski's death.

The plaintiff appealed the dismissal order to the court of appeals. The court of appeals summarily affirmed the circuit court's order, concluding that the complaint, insofar as it related to the Estate's claim, failed to allege a party entitled to recover under sec. 895.04, Stats. The Estate petitioned this court for review of the court of appeals' order, and we granted the petition for review.

The Estate advances two lines of argument in support of its contention that an estate may recover and retain damages for the decedent's pecuniary loss. First, the Estate contends that sec. 895.04, Stats.,[2] provides that

---

[2] Sec. 895.04, Stats., provides, in relevant part:

"**Plaintiff in wrongful death action.**

"(1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

"(2) If the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support the deceased was legally charged, the court before whom the action is pending, or if no action is pending, any court of record, in recognition of the duty and responsibility of a parent to support minor children, shall determine the amount, if any, to be set aside for the protection of such children after considering the age of such children,

the personal representative is one of the parties the legislature intended to permit to recover for pecuniary injury from a wrongful death. Second, the Estate claims that sec. 895.01(1),[3] contrary to our holding in *Prunty v. Schwantes,* 40 Wis. 2d 418, 162 N.W.2d 34 (1968), permits the decedent's pecuniary loss claim to survive his or her death. We conclude that neither statute permits the Estate to recover for the decedent's pecuniary loss.

The primary purpose of statutory construction is to determine and give effect to the legislative intent behind the statute. *See County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W.2d 129 (1980). In determining legislative intent, first resort must be to the language of the statute itself. When a statute is plain and unambiguous, interpretation is unnecessary, and intentions cannot be imputed to the legislature except

the amount involved, the capacity and integrity of the surviving spouse, and any other facts or information it may have or receive, and such amount may be impressed by creation of an appropriate lien in favor of such children or otherwise protected as circumstances may warrant, but such amount shall not be in excess of 50% of the net amount received after deduction of costs of collection. If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death.

" . . .

"(4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action."

[3] Sec. 895.01(1), Stats., provides, in relevant part:

"(1) In addition to the causes of action which survive at common law the following shall also survive: Causes of action for . . . damage to the person. . . ."

those to be gathered from the terms of the statute. *Harris v. Kelley,* 70 Wis. 2d 242, 249, 234 N.W.2d 628 (1975). We conclude that sec. 895.04, Stats., is plain and unambiguous and, by its terms, does not permit estates to recover damages for the decedent's pecuniary loss.

A cause of action for wrongful death is purely statutory because at common law no such right to recovery existed. *Krantz v. Harris,* 40 Wis. 2d 709, 714, 162 N.W. 2d 628 (1968). The right to recover damages for wrongful death is, therefore, limited strictly to the parties the legislature has designated under sec. 895.04(2).

An action for wrongful death belongs to the beneficiaries and is designed to compensate for the loss of the relational interest existing between the beneficiaries and the decedent. *Wurtzinger v. Jacobs,* 33 Wis. 2d 703, 709–10, 148 N.W.2d 86 (1967). One of the purposes of the statute is to compensate the survivors for the pecuniary benefits which they would have derived from the earning power of the decedent had he or she lived. *Nichols v. United States Fidelity & Guaranty Co.,* 13 Wis. 2d 491, 497, 109 N.W.2d 131 (1961); *see also* W. Prosser, *Handbook of The Law of Torts,* sec. 127 at 906 (4th ed. 1971).

As we have noted in previous cases, the right to sue under the wrongful death statute must be distinguished from the ownership of the recovery. *Nichols,* 13 Wis. 2d at 497. Because the action is granted by statute, ownership of the recovery is limited to the beneficiaries designated under the statute. *Id.* In applying the statute, we have recognized that:

"The action for wrongful death does not belong to the estate of the deceased or become an asset thereof. The personal representative, in bringing a wrongful-

death action, acts as agent of the persons for whose benefit the action is brought and as such agent does not acquire legal title or any interest in the recovery excepting for his fees and expenses." *Id.* at 496.

The Estate argues that the wrongful death statute, through amendment, now permits the estate to recover and retain damages for the decedent's pecuniary loss. An earlier revision of sec. 895.04(4), Stats., specifically limited the parties entitled to recover for pecuniary loss to the spouse, unemancipated or dependent children, or parents of the deceased. In 1976, by Chapter 166, Laws of 1975, the legislature amended subsection (4) to provide that pecuniary damages were recoverable by "any person entitled to bring a wrongful death action." We find nothing in this amendment which would change our previous interpretations of the wrongful death statute.

Section 895.04(1), Stats., provides that "[a]n action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs." Section 895.04 (4) provides, in part, "[j]udgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action." The Estate argues that, because the personal representative is a person entitled to bring a wrongful death action pursuant to subsection (1), it may recover damages for pecuniary loss under subsection (4).

The Estate's argument ignores the limitation imposed by subsection (2), which designates to which parties "the amount recovered" is to be paid. The estate of a decedent is not listed as one of the parties entitled to retain the proceeds of a wrongful death damage award. Thus, while an estate may bring an action in a representative capacity and initially recover for the pecuniary injury, "the amount recovered shall belong and be paid

to" the beneficiaries designated in subsection (2). The proceeds do not belong to the estate itself. *See Prunty,* 40 Wis. 2d at 422.

We note in this regard the language of subsection (1) that a wrongful death action may be brought by the "person *to whom the amount recovered belongs.*" (Emphasis added.) The provision identifies two separate parties who may bring an action: the personal representative and someone who is entitled to own the proceeds. By defining the parties in such a way, the legislature impliedly intended that the personal representative not be one "to whom the amount recovered belongs." This supports an interpretation of the statute that an estate does not have an ownership interest in the proceeds of a damage award and, therefore, may not recover for the decedent's pecuniary loss.

Finally, we conclude that recovery of pecuniary damages by the Estate itself would be contrary to the purpose of the statute. As noted earlier, the wrongful death statute is designed to compensate certain designated beneficiaries who might have expected to receive support or assistance from the decedent had he or she lived. To expand the class of beneficiaries by the addition of an estate, when an estate is not explicitly listed as a beneficiary, would conflict with the clear intent of the legislature to limit the scope of recovery for wrongful death. Furthermore, we note that an estate does not fall into the class of parties who would have depended on the decedent. An estate obviously does not have the same expectation of future support that the beneficiaries might have had. Hence, excluding an estate from the class of beneficiaries is entirely consistent with the purpose of the wrongful death statute.

We hold that sec. 895.04, Stats., when viewed as a whole in light of the legislative purpose, does not permit

the Estate to recover on its own behalf damages for the decedent's pecuniary loss.

The Estate next argues that a recovery for the decedent's pecuniary loss is permitted under sec. 895.01, Stats., the survival statute. We considered and rejected precisely this same argument in *Prunty v. Schwantes, supra*. As we noted in *Prunty*, the survival action is brought by the decedent's representative for personal injury damages suffered by the decedent prior to his or her death. The damages accrue to the decedent's estate. *Prunty*, 40 Wis. 2d at 422. We recognized in *Prunty* that at common law personal torts did not survive the decedent. However, by statute, the legislature has permitted survival of actions for "damage to the person." *See* sec. 895.01(1). Generally, we have interpreted this statute as permitting recovery of damages for personal injuries between the time of injury and the ensuing death. *See, e.g., Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 310, 294 N.W.2d 437 (1980); *Krantz v. Krantz*, 211 Wis. 249, 256, 248 N.W. 155 (1933); *Koehler v. Waukesha Milk Co.*, 190 Wis. 52, 56, 208 N.W. 901 (1926); *Tidmarsh v. Chicago, Milwaukee & St. Paul Ry. Co.*, 149 Wis. 590, 598–99, 136 N.W. 337 (1912).

In *Prunty* we recognized sound policy reasons for denying an estate recovery for loss of the decedent's expected earnings. We noted that the legislature had decided that the survivors were the parties injured and entitled to be compensated for loss of the decedent's expected earnings. Thus, the legislature permitted designated beneficiaries to recover through a wrongful death action. The Estate in this case correctly points out that it was inaccurate to state in *Prunty* that the survivors are given the deceased's remedy, because the wrongful death action is separate and distinct from the survival action. *See Truesdill v. Roach*, 11 Wis. 2d

492, 496–97, 105 N.W.2d 871 (1960). However, our statement in *Prunty* is accurate in the more general sense that the survivors are entitled to recover an element of damages which would otherwise accrue directly to the decedent if he or she had lived. In effect, the decedent's right to recover for loss of future earnings is transferred to the survivors. Thus, the remedy, and incidentally the liability of the wrongdoer, is not lost completely; it vests in the survivors who had an expectation of pecuniary benefit, rather than with an estate.

The Estate also contends that in *Prunty* we mistakenly stated that the decedent should not recover because he or she did not "need" the compensation. The Estate argues that damages should be based upon injury to the decedent, not what he or she "needs." The Estate contends that pecuniary loss is an injury even though, strictly speaking, the decedent will no longer need the money.

We conclude that there is a valid basis for our determination in *Prunty* that the decedent should not recover for future earnings because there is no longer a need for such support. When a person is injured and does not die, the person may seek compensation because the disabling injury adversely affects the injured person's ability to be self-supporting. Thus, the person is entitled to recover for the loss of earning capacity and then use the proceeds for necessary support. Upon death, however, the decedent clearly will not need money for self-support. The survivors, however, who depended upon the earnings of the decedent, will still need that support and deserve compensation for the amount they otherwise would have received. Thus, it reflects sound public policy for the legislature to provide the survivors, rather than an estate, a right under sec. 895.04, Stats.,

to recover for pecuniary loss. Consequently, we find that sec. 895.01 does not permit the Estate a concurrent recovery for pecuniary loss.

This recovery scheme is equitable in nature and recognizes the relative needs of an estate and the survivors. As we noted in *Prunty*, "[t]he legislature created the remedy and has kept a watchful eye on its provisions. . . . Since the remedy is completely statutory and since our legislature has consistently updated the remedy in this state, there is no basis for this court to act." *Prunty*, 40 Wis. 2d at 428. We see no reason to retreat from our holding in *Prunty* that neither the common law nor the survival statute permits an estate to recover on its own behalf for the decedent's pecuniary loss.

A claim should be dismissed under sec. 802.06(2)(f), Stats., if it appears to a certainty that no relief can be granted under any set of facts which the plaintiff can prove in support of its allegations. *Morgan v. Pennsylvania General Insurance Co.*, 87 Wis. 2d 723, 731–32, 275 N.W.2d 660 (1979). In this case, we have held that an estate may not recover on its own behalf damages for the decedent's pecuniary loss. Therefore, the court of appeals properly affirmed the trial court's order dismissing the Estate's cause of action for pecuniary damages.

*By the Court.*—The order of the court of appeals is affirmed.