Dawn EBERT, a minor, by John W. Krueger, her guardian ad litem, Curtis Ebert and Sandra Ebert, Plaintiffs-Appellants,

v.

Philip E. KETTNER, Jr., personal representative of the Estate of Philip B. Kettner, Sr., deceased, Defendant-Respondent,

v.

UNITED SECURITY INSURANCE COMPANY, Third-Party Defendant.

Court of Appeals

*No. 88–2264. Submitted on briefs May 3, 1989.—Decided July 18, 1989.*

(Also reported in 447 N.W.2d 62.)

For plaintiffs-appellants there were briefs by *Terence J. Bouressa* and *Sommer, Olk & Schroeder*, Rhinelander.

For defendant-respondent there was a brief by *D.J. Weis* and *Johnson, Weis, Paulson & Priebe, S.C.*, Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Dawn Ebert, now age nine, by her guardian ad litem, and her parents appeal a judgment dismissing their civil action for damages alleging that the defendant, Philip Kettner, Sr., now deceased, sexu-

ally assaulted Dawn in 1984.[1] The issue is whether the trial court abused its discretion when it ruled that Dawn's testimony from prior criminal proceedings was inadmissible hearsay because Dawn was presently available as a witness. The plaintiffs stipulated that they could not prove a claim without either Dawn's prior or present testimony. Dawn's guardian ad litem, with the concurrence of Dawn's attorneys, declined to permit her to testify, citing potential emotional harm, and the trial court directed a verdict for the defendant. We conclude that the court did not abuse its discretion in its evidentiary ruling and affirm.

The issue involves the application of sec. 908.04(1)(d), Stats., providing:

> **Hearsay exceptions; declarant unavailable; definition of unavailability.** (1) "Unavailability as a witness" includes situations in which the declarant:
>
> . . ..
>
> (d) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; . . ..[2]

The only evidence on the issue of Dawn's unavailability was the testimony of Dr. Larry Goodlund, a psychiatrist, who had treated Dawn on several occasions following the alleged assault. He testified that "In general recalling of events is probably not in the patient's

---

[1] Philip Kettner, Sr., died during these proceedings and is replaced by Philip Kettner, Jr., as personal representative of his father's estate.

[2] Because the parties have not addressed the matter, we will assume that a sufficiently proven susceptibility to serious psychological harm based upon a prior trauma such as a sexual assault constitutes a "then existing" mental infirmity within the meaning of the statute.

best interests." He said her appearance would be "likely to increase the probability of . . . symptom development, of pathological problems, psychological problems." He conceded on cross-examination that Dawn had reportedly handled her appearance in criminal proceedings very well, that she may handle court stress "better than an average patient," and that he could not, to a reasonable medical certainty, attribute Dawn's prior behavior difficulties to the alleged assault.

A party seeking judicial process to advance his position carries the burden of proof. *Loeb v. Board of Regents,* 29 Wis. 2d 159, 164, 138 N.W.2d 227, 230 (1965). Credibility and weight to be given witnesses is for the fact finder and not the appellate court. *Village of Big Bend v. Anderson,* 103 Wis. 2d 403, 410, 308 N.W.2d 887, 891 (Ct. App. 1981). If more than one reasonable inference can be drawn from the testimony, the appellate court must choose the one chosen by the trial court. *C.R. v. American Std. Ins. Co.,* 113 Wis. 2d 12, 15, 334 N.W.2d 121, 123 (Ct. App. 1983). Here, the trial court stated: "I cannot find that her testifying will be a traumatic and harmful event." This was a finding of fact that is supported by evidence in the record.

In addition to considering the statutory requirements, the court also addressed a constitutional issue. Contrary to the plaintiffs' argument, the trial court did not confuse the confrontation clause of the sixth amendment and art. I, sec. 7, of the Wisconsin Constitution applicable only in criminal cases, with due process. Although the court made reference to several criminal cases, it explicitly noted the absence of precedent in civil cases on the issue of unavailability. It then proceeded to a balancing test on grounds that due process rights were

implicated. In doing so, the court concluded that fairness required Dawn's live testimony. As a basis for this ruling, the court pointed to several factors. First, it noted that when Kettner sought Dawn's deposition earlier in the proceedings, the trial judge assigned the case at that time declined to order it on grounds that Dawn would be subject to examination at the trial. Further, the court noted the lack of a "strong showing" that Dawn would be harmed. Finally, the child's prior testimony did not address certain important issues relevant in a civil damage trial. Whether use of prior testimony would reach the level of a constitutional denial of due process need not be determined in view of the failure to meet the statutory requirements of sec. 908.04(1).

*By the Court.*—Judgment affirmed.