Randall **SPENCE** and Roberta Spence and State Farm Mutual Automobile Insurance Co., Plaintiffs,

v.

**REGIONS HOSPITAL, Defendant.**

No. 04–C–756–C.

United States District Court, W.D. Wisconsin.

Aug. 25, 2005.

Randall G. Spence, River Falls, for Randall Spence.

John C. Dunlap, Dunlap and Ritts, P.A., Minneapolis, MN, for Randall Spence, Roberta Spence.

Thomas R. Jacobson, Lommen, Nelson, Cole & Stageberg, Hudson, WI, for State Farm Mutual Automobile Insurance Company.

Janet Stellpflug, Aafedt, Forde, Gray, Monson & Hager, Minneapolis, MN, for Regions Hospital.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action brought pursuant to Wisconsin's Uniform Declaratory Judgments Act, Wis. Stat. § 806.04. It was filed originally in the Circuit Court for Pierce County by plaintiffs Randall Spence, Roberta Spence and State Farm Mutual Automobile Insurance Company and removed to this court by defendant Regions Hospital. The action arises out of a motor vehicle accident that took the life of the Spences' daughter Alyssa. Defendant contends that it possesses an enforceable hospital lien on Alyssa's estate's cause of action against Ryan Foley, the driver of the car that killed her. Plaintiffs seek a declaration that defendant cannot enforce its lien against the estate's cause of action. If they are successful, plaintiff State Farm will turn over to the Spences the proceeds of the insurance policy it issued to Foley in return for the Spences' waiver of any causes of action they or Alyssa's estate have against Foley and plaintiff State Farm.

The case is before the court on motions for summary judgment filed by the Spences, State Farm and defendant. The case raises a host of interesting questions involving the interplay of Minnesota and Wisconsin law, the rights of lienholders to attach a cause of action and enforce the resulting lien and the rights of relatives of a decedent to waive an estate's cause of action to which a lien has attached. I conclude that defendant's lien attached to

Alyssa Spence's estate's cause of action under Minnesota law but that Wisconsin courts would not allow the enforcement of the lien because defendant is not a charitable hospital. Wisconsin authorizes creditors to attach liens for medical services to a cause of action for personal injuries and provides protection of such liens from waiver of the cause of action, but only if the hospital providing the services is a charitable institution. Wis. Stat. § 779.80(1) and (4). (The law provides that if payment is made to the injured person or to the legal representatives without satisfaction of the lien, the payer remains liable to the hospital for the amount of the lien for a period of one year from the date of such payment. *Id.*)

Given Wisconsin's limitation of these protections to charitable institutions, I am persuaded that the state courts would not extend protection to a lien arising from services rendered by a non-charitable institution such as defendant. Without such protection, defendant has no means of enforcing its lien against the insurance proceeds at issue but is limited to collecting its debt from the estate if and when Foley makes restitution payments as ordered by the court. Wisconsin law does not permit a lienholder to bring suit directly against the tortfeasor for recovery of the costs of hospital services. Plaintiffs' motion for summary judgment will be granted and defendant's will be denied.

From the parties' proposed findings of fact, I find that the following facts are undisputed and material.

## UNDISPUTED FACTS

On April 18, 2003, a vehicle operated by Ryan C. Foley collided with one driven by Alyssa Spence near River Falls, Wisconsin. Both drivers were taken to the River Falls Area Hospital and transferred from there to defendant Regions Hospital in St. Paul, Minnesota. On April 20, the Spences informed defendant that their daughter's car was insured under a policy issued by American Family Insurance and that Foley's car was insured under a policy of automobile liability insurance issued by plaintiff State Farm Insurance Company. Foley's insurance policy had limits of $100,000 per person.

Alyssa Spence never regained consciousness after the accident. She died on April 23, 2003, of multiple traumatic injuries resulting from the April 18 accident. She was 21 years old and unmarried, with no dependent children. Plaintiffs Randall and Roberta Spence are Alyssa Spence's parents.

On April 25, two days after Alyssa's death, defendant filed a lien statement with the Court Administrator for Ramsey County, Minnesota, the county in which defendant is located. Defendant estimated the amount due for services provided Alyssa Spence as $42,263.80. It did not identify any person or entity claimed to be liable for Alyssa's damages or mail a copy of the statement to Ryan Foley. On May 5, 2003, defendant filed an "amended" lien statement with the Ramsey County Court Administrator, claiming an amount due of $124, 124 and listing American Family as the person or entity liable for damages. Defendant amended the statements twice thereafter.

On May 7, 2003, defendant received a payment from American Family in the amount of $1,000, the maximum amount allowable for first party medical expense coverage under Alyssa's automobile insurance policy. American Family informed defendant that the Spences had a claim against plaintiff State Farm.

At the time of the collision, Ryan Foley had a blood alcohol concentration of .235. Wisconsin State Patrol accident reconstructionist Trooper Keith A. Young determined that Foley's vehicle had crossed at

least seven feet over the center line into Alyssa's lane of travel at the time of impact. On December 10, 2003, Foley entered a plea of guilty to one felony count of homicide by intoxicated use of a vehicle and one misdemeanor count of operating while intoxicated causing injury. He was sentenced to 7 years in prison and ordered to make restitution in the amount of $10,724.13 to the Spences for Alyssa's funeral expenses and $123,664.00 to Alyssa's estate for medical expenses incurred as a result of his criminal acts.

Between April 18, 2003 and April 25, 2003, defendant was not operating as a charitable institution maintaining a hospital in the state of Wisconsin.

## OPINION

In opposing plaintiffs' request for a declaration that the Spences have a right to receive the full policy proceeds and waive any cause of action that the estate would have against Foley for the injuries Alyssa sustained before her death, defendant contends that Minn.Stat. § 514.68 created a lien upon the estate's cause of action for Alyssa's damages in the amount of $123,664 and Minn.Stat. § 514.71 prohibits plaintiffs from settling the estate's cause of action without defendant's consent. The Spences rely on a provision in Wis. Stat. § 895.04(6) that they contend permits them to waive the estate's action as part of a settlement of their own wrongful death claim against plaintiff State Farm. Untangling these claims requires analysis of the public policies of Minnesota and Wisconsin and the applicable statutes of both states.

The starting point is the identification of the two distinct causes of action at issue. One is the Spences' claim under Wis. Stat. §§ 895.03 and 895.04 for their loss of Alyssa's society and companionship. The other is the cause of action the estate has on Alyssa's behalf for her pain and suffering and medical expenses under Wis. Stat.

§ 895.01. Although both causes of action arise from the wrongful death of Alyssa Spence, they are entirely different. *Koehler v. Waukesha Milk Co.*, 190 Wis. 52, 56, 208 N.W. 901, 903 (1926) (availability of two actions does not represent double recovery but rather separate recoveries for separate wrongs). Neither cause of action exists under common law; they are entirely creatures of statute. *Id.* at 55–56, 208 N.W. at 903; *see also Weiss v. Regent Properties, Ltd.*, 118 Wis.2d 225, 230, 233, 346 N.W.2d 766, 768, 770 (1984).

Wisconsin enacted its wrongful death statute to allow a person to recover his or her own damages resulting from the wrongful death of another. *Miller v. Luther*, 170 Wis.2d 429, 435, 489 N.W.2d 651, 652 (Ct.App.1992); *Terbush v. Boyle*, 217 Wis. 636, 638, 259 N.W. 859, 860 (1935). Wis. Stat. § 895.04 authorizes either the personal representative of the estate or the person who will benefit from the amount recovery to bring a wrongful death action. Because Alyssa was unmarried and had no children, her parents are her closest lineal relatives and are entitled by statute to bring an action for her wrongful death. § 895.04(2). Section 895.04(4) allows an award of damages for loss of society and companionship up to $350,000 when the decedent is an adult.

Because the wrongful death action does not belong to Alyssa but to her parents, the proceeds of any action are not subject to any obligations she incurred before her death, including those she owed to defendant for her medical care. *Wurtzinger v. Jacobs*, 33 Wis.2d 703, 710, 148 N.W.2d 86, 90 (1967) ("Under our statute, the trustee in bankruptcy of the deceased or other creditor of the deceased could not reach the wrongful death proceeds.")

In addition to the wrongful death action, Wisconsin recognizes a personal injury cause of action that survives the decedent.

Wis. Stat. § 895.01(*o*); *Lord v. Hubbell, Inc.*, 210 Wis.2d 150, 165, 563 N.W.2d 913, 919 (Ct.App.1997). Minnesota law takes a different view. Under Minn.Stat. § 573.01, a claim for personal injuries dies with the plaintiff, with certain exceptions spelled out in Minn.Stat. § 573.02. Although the exceptions include an action for "death caused by the wrongful act or omission of any person or corporation," the statute specifies that any such action belongs not to the estate but to the decedent's beneficiaries. *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 612 (Minn.1988) ("If designated beneficiaries survive decedent, the right to seek compensation vests and can be viewed as an asset belonging to them whether they live or die."). According to § 573.02, recovery under the statute is "for the exclusive benefit for the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death." This means that any recovery is unavailable to creditors of the decedent. *Id.* at 611 (citing W. Prosser, *Handbook of the Law of Torts* § 127 at 904 (4th ed.1971)).

In Wisconsin, an action by the estate is brought by the representative of the estate, who may be the same person who brings a wrongful death action for the loss of the society of the decedent. The action is an asset of the decedent's estate; any proceeds that result from the action accrue to the estate and are subject to its debts. *Koehler*, 190 Wis. at 56, 208 N.W. at 903; *see also Prunty v. Schwantes*, 40 Wis.2d 418, 422, 162 N.W.2d 34, 37 (1968).

Wis. Stat. § 895.04(6) allows the relatives of a decedent to waive the estate's cause of action. "Where the wrongful death of a person creates a cause of action in favor of the decedent's estate and also a cause of action in favor of a spouse or relatives ... such spouse or relatives may waive and satisfy the estate's cause of action in connection with or as part of a settlement and discharge of the cause of action of the spouse or relatives." The Spences suggest that this statute was enacted in recognition of two facts: in most instances, any funds accruing to the decedent's estate would be passed on to the same persons who would benefit from a successful wrongful death action and in many instances the cost of pursuing an estate's cause of action will exceed its value.

The Spences assert that § 895.04(6) gives them the right to sue or not sue on behalf of the estate, regardless of any liens that might have attached to the cause of action. If they are correct they will be able to waive the estate's cause of action as part of a settlement of their wrongful death claim without incurring any obligation to defendant. (Wis.Stat. § 779.80(4) prohibits the release of any judgment, claim or demand by the injured person or his legal representative against a lien properly filed by a charitable hospital; if a tortfeasor or his insurer makes a payment without a valid release the payer remains liable to the hospital for the amount of its lien.) The Spences' assertion raises several questions, the first of which is whether defendant's lien has attached to the estate's cause of action against Foley and, if it did, whether Wisconsin would enforce it or would protect plaintiff State Farm from liability to defendant if it turned over the policy proceeds to the Spences in return for their waiver of the cause of action to which the lien has attached. Only if the answer to these two questions is yes will it be necessary to decide whether defendant complied with all the requirements to obtaining a valid lien.

### I. *Attachment of lien to estate's cause of action*

Minn.Stat. § 514.68 provides that "[a]ny person, firm, or corporation operating a

hospital in this state shall have a lien for the reasonable charges for hospital care of an injured person upon any and all causes of action accruing to the person to whom such care was furnished, or to the legal representatives of such person, on account of injuries giving rise to such causes of action and which necessitated such hospital care...." Defendant provided services to Alyssa for treatment of injuries she sustained in the April 18 automobile accident. That accident gave rise to both the Spences' wrongful death action and the estate's action. It appears that the statute would create a lien on the estate's cause of action. (The parties agree that Minn.Stat. § 514.68 does not create a lien on behalf of defendant on the Spences' own wrongful death action.)

■ Plaintiffs deny that a lien would attach. They argue that § 514.68 would not apply to a Wisconsin estate's cause of action for personal injury because Minnesota law codifies the common law principle that a cause of action for personal injury dies with the injured party, Minn.Stat. § 573.01, and does not recognize an estate's cause of action. Moreover, even though Minnesota allows the beneficiaries of the estate to sue for the decedent's injuries, the state shelters any recovery from creditors. In plaintiffs' view, § 573.01 expresses the legislature's intent to prohibit the attachment of liens to any cause of action asserted by an estate on its own behalf even if the action is brought under the law of a state that permits such actions.

■ Plaintiffs' argument ignores the plain language of Minn.Stat. § 514.68, which provides that a lien is created and attaches to "any and all" causes of action accruing to the injured person. Under Minnesota law, where the plain language of a statute is clear and unambiguous the court must apply the legislative intent embodied in that language. Minn.Stat.

§ 645.08(1); *see also Deal v. Northwood Children's Home Society,* 608 N.W.2d 922, 924 (Minn.App.2000). Plaintiffs cannot point to anything in the statute that qualifies the inclusiveness of the phrase "any and all" or to any Minnesota state court decisions that hold directly or by implication that Minn.Stat. § 514.68 was intended to apply only to those causes of action available in Minnesota.

■ A look at the timing of hospital liens adds further support to defendant's argument. A hospital lien is created and attaches to the patient's cause of action as the medical services are provided. *In re Nelson,* 92 B.R. 837, 840 (Bankr.D.Minn. 1988). Therefore, from the moment defendant provided medical services to Alyssa Spence, Minnesota law provided defendant a lien on her personal injury cause of action. Had Alyssa survived her injuries, defendant would have had a lien on her cause of action. Under Wis. Stat. § 895.01, this cause of action survived Alyssa's death as personal property of her estate. Nothing in the language of Minn. Stat. § 514.68 suggests that the *lien* dies with the injured party. Minn.Stat. § 573.01 does not require such a result because it applies only to *causes of action* and not to liens.

## 2. *Enforcement of a Minnesota statutory lien*

The enforcement of a Minnesota statutory lien on a Wisconsin cause of action is an issue of first impression. The only Wisconsin case even acknowledging the issue is *Boucher v. North Memorial Medical Center,* No. 98–1449–FT, 222 Wis.2d 626, 587 N.W.2d 458 (Wis.App.1998), an unpublished case. In *Boucher,* the Wisconsin court of appeals identified the issue but declined to discuss it because the parties did not raise it.

Plaintiffs raise the issue the court of appeals did not need to address in *Boucher,* arguing that enforcement would be improper because Minn.Stat. § 514.68 conflicts with Wisconsin's own hospital lien statute, Wis. Stat. § 779.80. Section 779.80 authorizes liens for services rendered by "[e]very corporation, association or other organization operating as a charitable institution and maintaining a hospital in this state," whereas Minnesota's statute has no such limitations.

■ The alleged conflict has two aspects: the statute's limitation of hospital liens to charitable institutions and its additional limitation to hospitals operating within Wisconsin. As to the in-state hospital requirement, no conflict is apparent. The laws at issue do not reflect public policies that are fundamentally at odds with one another. *Zelinger v. State Sand & Gravel Co.,* 38 Wis.2d 98, 107, 156 N.W.2d 466, 470 (1968) (conflict exists where there is "basic and significant repugnance of underlying state interests" involved). The statute's limitation of the automatic attachment of liens to those arising out of services provided by in-state hospitals does not represent a policy against enforcing liens created by the operation of another state's laws, but the legislature's recognition that its authority to regulate commerce ends at its borders. *Sandberg v. McDonald,* 248 U.S. 185, 195, 39 S.Ct. 84, 63 L.Ed. 200 (1918) (legislation is presumptively territorial and confined to limits over which state has law-making power). A state's power to authorize the attachment of liens for hospital services does not extend beyond the hospital services provided within its own jurisdiction. For this reason, Wisconsin's drafting of its hospital lien statute to comport with the territorial limits of its regulatory authority is not evidence of hostility toward enforcing similar liens created by other states.

Plaintiffs cite no case law or legislative history to support their contention that Wis. Stat. § 779.80 embodies a policy against enforcing liens authorized by other states for services provided by hospitals in those states. Although Wisconsin courts have not examined the policy behind Wis. Stat. § 779.80 in detail, the general policy behind hospital liens is "to encourage the treatment of accident victims who may have no other means to pay." Carol A. Crocca, *Construction, operation, and effect of statute giving hospital lien against recovery from tortfeasor causing patient's injuries,* 16 A.L.R.5th 262 (1993). Enforcing a Minnesota hospital lien encouraging treatment of accident victims does not offend Wisconsin's public policy.

As to Wisconsin's requirement that the hospital be a charitable one, the issue is less clear-cut. Minn.Stat. § 514.71 makes no distinction between charitable and for-profit hospitals. In either event, it protects the lienholder by providing that "[n]o release of such causes of action ... shall be valid or effectual as against such lien unless such lienholder shall join therein." Although I have found no explanation for the distinction that Wisconsin makes, I construe it as expressing a policy decision by the Wisconsin legislature to make special provision for charitable organizations. The distinction is not unreasonable. The legislature could have decided that in a statute giving special protections to hospital liens (allowing them to attach to a cause of action, Wis. Stat. § 779.80(2), and holding that they are not extinguished by the release of any judgment, claim or demand by the injured person or legal representatives, § 779.80(4)), it would limit the provision of such protections to charitable hospitals and not extend it to hospitals operated for profit. When one considers the state's deeply ingrained treatment of subrogation, which is controlled by equitable principles embodied in the "made-

whole" doctrine adopted in *Rimes v. State Farm Mutual Automobile Ins. Co.*, 106 Wis.2d 263, 316 N.W.2d 348 (1982), it is not surprising that Wisconsin limits the enforcement of liens in these situations. The view in Wisconsin is that "[s]ubrogation is to be allowed only when the insured is compensated in full by recovery from the tortfeasor." *Id.* at 272, 316 N.W.2d at 353.

Protecting the lien of a hospital is not the same thing as recognizing an insurer's subrogation rights, but the principle is. *Ruckel v. Gassner*, 2002 WI 67, ¶ 40, 253 Wis.2d 280, 295, 646 N.W.2d 11, 19 (make whole doctrine designed to prevent shifting loss from insurer, who was paid to assume loss, to insured, who paid to protect against loss). In both instances, the state is balancing the rights of individuals to be made whole for their losses against the rights of debtors to collect valid debts, or put another way, determining how risk should be spread, either to for-profit hospitals and insurers who can plan for and absorb financial risk or to individuals who have a lesser capacity to anticipate and absorb financial loss.

Wisconsin courts recognize that legislatively sanctioned subrogation may override the made whole principle. *Id.* at ¶ 42 n. 7, 253 Wis.2d 280, 296 n. 7, 646 N.W.2d 11, 19 n. 7 (listing examples of government subrogation rights for certain public assistance payments and subrogation rights in worker's compensation cases). In the same way, the legislature may override the protection afforded individuals to settle or waive an estate's survival action without satisfying a lien attached to the cause of action, as it has done for the liens of charitable institutions. Absent such statutory overrides, however, Wisconsin courts will protect the right of the individual to be made whole.

At first blush, it appears that this state's public policy stands in opposition to Minnesota's to the extent that Minnesota makes special provisions for the liens of all hospitals and Wisconsin does so only for non-profit hospitals. However, there is no conflict in this particular case. Both Minnesota and Wisconsin have the same policy of protecting the estate's cause of action from the lien of a for-profit hospital for medical services rendered to the decedent before his death. Minnesota achieves this by giving the decedent's beneficiaries the right to bring a cause of action in tort on behalf of the estate for the decedent's personal injuries, with the proceeds of any such suit becoming the property of the beneficiaries, immune from creditors' liens; Wisconsin achieves the same end by providing that only the liens of charitable hospitals attach to a cause of action for personal injuries, whether the action is brought by the injured person or his estate.

I conclude, therefore, that Minn.Stat. § 514.68 would allow defendant's lien on Alyssa's estate's cause of action against Ryan Foley, unaffected by Minnesota's policy not to allow actions for personal injuries by an estate on behalf of its decedent except in limited circumstances. However, under Wisconsin law, plaintiff State Farm may pay the Spences the proceeds of Foley's insurance policy in return for the Spences' waiver of their own and the estate's cause of action without incurring any obligation to defendant because defendant is not a charitable institution whose lien is protected under Wis. Stat. § 779.80 from waiver of the estate's cause of action.

## ORDER

IT IS ORDERED that the motions for summary judgment filed by plaintiffs Randall and Roberta Spence and by plaintiff State Farm Mutual Automobile Insurance Company are GRANTED and the motion for summary judgment filed by

defendant Regions Hospital is DENIED. The clerk of court is directed to enter judgment for all plaintiffs and close this case.