DAWSON and others, Appellants, v. JOST and wife, Respondents.*

*June 6—June 30, 1967.*

* Motion for rehearing denied, without costs, on September 11, 1967.

646

For the appellants there was a brief and oral argument by *Edward Rudolph* of Milwaukee.

For the respondents there was a brief by *Ray T. Mc-Cann,* attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. McCann.*

HANSEN, J. The several issues on this appeal are:

(1) Is there any credible evidence to sustain the jury findings that (a) the Josts were not negligent with respect to Larry's injury (b) Jeffrey was 50 percent causally negligent? (2) Did the trial court err in its instructions or the form of the special verdict? (3) Is sec. 174.04, Stats., providing for treble damages for dog bites under certain circumstances applicable in this case? (4) Should this court order a new trial in the interests of justice or because of the alleged prejudice of the trial judge?

A jury finding with respect to the existence of negligence will be sustained if there is any credible evidence which under any reasonable view admits of an inference supporting the verdict. *Cedarburg Light & Water Comm. v. Allis-Chalmers* (1967), 33 Wis. (2d) 560, 564, 148 N. W. (2d) 13; *Burlison v. Janssen* (1966), 30 Wis. (2d) 495, 141 N. W. (2d) 274. Also, upon review this court need look only for credible evidence supporting the jury's findings. *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740.

In this case there is sufficient credible evidence in the record from which the jury could determine no negligence

on the part of anyone in the first instance involving Larry, and the jury was justified in so finding.

The Josts testified that they never owned a cat and that they had previously advised the Dawson children to keep cats off the Jost premises because of the dog's known dislike for such animals. The jury could well have concluded from the testimony that the dog in fact was more interested in the cat than Larry. This is especially so in view of the comparatively minor injuries sustained by Larry which could have been caused by the cat as well as the dog.

The plaintiff also contends that there is no credible evidence to sustain the finding by the jury that Jeffrey was 50 percent causally negligent. This court has frequently held that only in the most unusual fact situations will it disturb a jury's findings on comparative negligence. *Maus v. Cook* (1961), 15 Wis. (2d) 203, 206, 112 N. W. (2d) 589. *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 124 N. W. (2d) 609. *Davis v. Skille* (1961), 12 Wis. (2d) 482, 489, 107 N. W. (2d) 458. Jeffrey himself admitted that he grabbed the dog's collar. While there is credible evidence to support a different finding by the jury, there is also sufficient credible evidence to support the finding that was made by the jury. The situation is not so unusual as to justify overturning the jury finding of 50 percent negligence on the part of Jeffrey.

The appellants make several objections to the instructions given by the jury. However, the record reveals that the appellants did not challenge the adequacy of the instructions in their motion before the trial court for a new trial. Hence they cannot, as a matter of right, obtain review of alleged errors in the instruction on this appeal. *Metcalf v. Consolidated Badger Co-operative* (1965), 28 Wis. (2d) 552, 560, 137 N. W. (2d) 457; *Withers v. Tucker* (1965), 28 Wis. (2d) 82, 87, 135 N. W. (2d) 776;

*Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. (2d) 380.

We have, however, reviewed the objections set forth by the appellants to the instructions and find them to be without merit and nonprejudicial. The appellants contend that the instructions did not differentiate in defining the negligence of adults and negligence of children. A reading of the pertinent portions of the instructions leads us to conclude that they were both complete and entirely adequate. The trial court gave the proper instruction defining negligence just prior to relating the questions of the special verdict pertaining to the negligence of the Josts. It then specifically stated the ages of the Dawson children and proceeded with the appropriate instructions on "negligence of children" just prior to relating the questions of the special verdict pertaining to negligence of the Dawson children. The instructions clearly defined the standard of care required of adults and that required of children, both of which were necessary in this case.

The appellants also contend that the trial court erred in refusing to give the "absent witness" instruction. The person who was not produced as a witness is Sandra Jost, daughter of the Josts, who was eight years old at the time of the incident involving Larry. There is no claim that she was unavailable for trial, and therefore it is presumed that she could have testified if either party had called her. *Vogt v. S. M. Byrne Construction Co.* (1962), 17 Wis. (2d) 96, 100, 115 N. W. (2d) 485, 117 N. W. (2d) 362. The facts of this case do not justify the conclusion that the Josts failed to call Sandra because they were unwilling to allow the jury to have the full truth. *Ballard v. Lumbermens Mut. Casualty Co.* (1967), 33 Wis. (2d) 601, 615, 148 N. W. (2d) 65. The age of Sandra is of material consideration and the trial court correctly decided not to give the absent witness instruction.

The trial court refused to instruct under sec. 174.02, Stats., that the plaintiffs need not prove the defendants had notice that the dog was mischievous in order to find negligence on the part of the defendants. This court has stated:

"Where the action is grounded on sec. 174.02 the negligence of the defendant dog owner is established when it is proved he kept a mischievous or vicious dog without proving that he knew the dog had such propensities." *Wurtzler v. Miller* (1966), 31 Wis. (2d) 310, 318, 143 N. W. (2d) 27.

While the instruction requested by the plaintiffs stated the correct rule of law, the refusal to give instruction in this case did not prejudice the plaintiffs. In the case of Larry, there would be no recovery even if negligence were found because there was no finding of damages. In the cases of Diane and Jeffrey, negligence of the defendants was established. Hence the failure to give the instruction was at most harmless error.

The appellants also challenge the form of the special verdict. Here again they fail to raise the issue in their motion before the trial court for a new trial. However, an examination of the verdict questions reflect that they were complete and easily understandable and in the most appropriate form for cases of this type involving multiple parties and multiple incidents.

The appellants request that the provisions of sec. 174.04, Stats., be invoked. This statute provides that the owner of a dog is liable for treble damages to one injured by the dog, provided that a person was previously injured by the dog and gave notice of that fact to the owner. The statute had no application in the instant case. The jury in effect found that Larry suffered no personal injury so the statute was not applicable as to him. It was not applicable as to Diane because her injuries were the first incurred as a result of the dog's behavior. Jeffrey suffered injuries in the third in-

stance. However, the jury determined he was 50 percent causally negligent and therefore he cannot recover.

The appellants contend that a new trial should be granted in the interests of justice because of prejudice on the part of the trial judge during the trial. We have examined the record and find no indication of prejudice on the part of the trial judge. In fact, the record reflects that he was cognizant of the fact that the trial involved the rights of three minor children, and that his conduct throughout the trial indicates that he conducted himself accordingly.

The respondents move this court for double costs because of the inadequacies of the appellants' appendix. This motion has been considered, and under the circumstances of this case, we conclude it proper to deny the motion for double costs.

*By the Court.*—Judgment affirmed.