STATE EX REL. STATE PUBLIC DEFENDER,
Petitioner-Respondent,

v.

Donald PERCY, Secretary, Department of Health &
Social Services, Appellant.

Court of Appeals

*No. 80–298. Submitted on briefs April 24, 1980.—
Decided May 16, 1980.*
(Also reported in 294 N.W.2d 528.)

628

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with whom on the briefs was *Robert D. Repasky,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Steven P. Weiss,* assistant state public defender, and *Thomas E. Dixon,* youth policy & law center, Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   The secretary of the Department of Health and Social Services has appealed from the order

of the circuit court. The order requires him to apply the Children's Code, ch. 48, Stats. 1977, to all children in the department's custody, including those whose custody was acquired under ch. 48 before the effective date of its amendment, November 17, 1978. The amendment was effected by ch. 354, Laws of 1977. We refer to the Children's Code as it existed immediately before and after November 17, 1978 as the "old" and "new" code, respectively.

The old code required the juvenile court to order one of several dispositions of a child adjudicated delinquent, ranging from counseling to transferring legal custody of the child to a relative, a county agency, a licensed child welfare agency or to the department. Sec. 48.34(1)(a) through (d), Stats. 1975.[1] Section 48.34(3) of the old code provided that transfers to the department were until age eighteen, unless the department discharged the child earlier under sec. 48.53, Stats. 1975. A delinquent child under sec. 48.12(1)[2] of the old code was one who violated a state or federal criminal law or a county, town or municipal ordinance that conformed to the criminal law.

The new code limits the definition of delinquency to violation of a federal or state criminal law. Sec. 48.12, Stats. 1977. Section 48.34(1) through (4) of the new code requires the court to order a disposition, ranging from counseling to transferring legal custody to a relative, a county agency or a licensed child welfare agency. Transfer of custody of a delinquent to the department is now permitted in narrowed circumstances. Section 48.-34(4m) provides that the court shall transfer custody to the subunit of the department administering corrections for placement in a secured correctional facility if

---

[1] As affected by ch. 156, Laws of 1977, repealed and recreated, sec. 57r, ch. 354, Laws of 1977.

[2] As affected by ch. 29, Laws of 1977, repealed and recreated, sec. 22, ch. 354, Laws of 1977.

the child is found delinquent for the commission of an act which if committed by an adult would be punishable by a sentence of six months or more and the child is a danger to the public and needs restrictive custodial treatment.

The new code contains a one-year termination provision which applies to all dispositional orders for delinquents, including transfer of custody to the department. Secs. 48.355(1) and (4), Stats. 1977.[3] Section 48.365[4] of the new code permits the court to extend a dispositional order under sec. 48.355 on notice to the parties after a court report has been submitted and evidence taken. Subsection (5) provides that extension orders shall be for a specified length of time not to exceed one year.

The State Public Defender and the Youth Policy & Law Center brought this action on behalf of juveniles adjudicated delinquent under the old Children's Code and whose legal custody was transferred to the department.[5] The complaint and answer established that the department maintains and intends to continue to maintain legal custody over those juveniles for periods greater than one

---

[3] Section 48.355, Stats., was created by sec. 60, ch. 354, Laws of 1977, and specifies the content of dispositional orders under secs. 48.34 and 48.345. Sec. 48.355(1). Section 48.355(4), Stats. 1977, provides:

All orders under this section [secs. 48.34 or 48.345] shall terminate at the end of one year unless the judge specifies a shorter period of time. Extensions or revisions shall terminate at the end of one year unless the judge specifies a shorter period of time. Any order made before the child reaches the age of majority shall be effective for a time up to one year after its entry unless the judge specifies a shorter period of time.

[4] Created by sec. 60, ch. 354, Laws of 1977.

[5] The duties of the State Public Defender include providing legal services to children subject to adjudication as a delinquent. Sec. 977.05(4)(i)5, Stats. The public defender's standing and the standing of the Youth Policy & Law Center to bring this action are unchallenged.

year, as authorized by the old code, without obtaining judicial extensions of the custody orders under the new code. We are advised that some seven hundred children are in the affected category.

The complaint alleges that the department's actions are contrary to secs. 48.355 (4) and 48.365, Stats., of the new Children's Code and deny equal protection of the laws to juveniles adjudicated delinquent under the old code by treating them differently from those adjudicated under the new code. The complaint seeks judgment declaring that secs. 48.355 (4) and 48.365, Stats. 1977, must be applied to all juveniles whose legal custody is in the department and requiring the department to implement a plan to terminate such custody or to provide judicial hearings to extend custody, within a reasonable time as determined by the court.

The answer asserts that all juveniles have been "committed"[6] to the department in accordance with the statutes applicable at the time of commitment and that equal protection is not denied. The answer affirmatively alleges that the legislature considered the expense of implementing the new code, that to apply the procedures of the new code to juveniles committed under the old code would involve substantial additional administrative expenses and that it is reasonable to differentiate between children committed under the old and new codes.

The trial court, on the State Public Defender's motion for judgment on the pleadings, held that two classes of children have been created by legislation and the department's action. The court concluded that the classification denies equal protection of the laws. The court declined to pursue the question of statutory construction. The court ordered defendant to apply the new Children's Code to all

---

[6] The new and old Children's Codes refer only to transfer of a child's legal custody and not to "commitment." It is convenient to use "commitment" to mean transfer of custody, in spite of a criminal connotation which the Children's Code carefully avoids.

children in the department's custody and to file petitions for extension of custody pursuant to the new code within thirty days. We stayed the trial court's order pending the department's appeal, on conditions not pertinent to this appeal.

If secs. 48.355 (4) and 48.365, Stats., of the new code apply to dispositional orders entered under the old code, then the constitutional issue of equal protection does not exist. Termination and extension of dispositional orders will be subject to the provisions of the new code, regardless when delinquency was adjudicated, and delinquent children will not have been divided into two classes.

The courts of this state will never decide a question of constitutional law if it is unnecessary to do so. *State ex rel. Clarke v. Carballo*, 83 Wis.2d 349, 353, 265 N.W.2d 285, cert. den. sub. nom. *Clarke v. Percy*, 439 U.S. 964 (1978) ; *State ex rel. Ellenburg v. Gagnon*, 76 Wis.2d 532, 536, 251 N.W.2d 773 (1977) ; and *Cohen v. Towne Realty, Inc.*, 54 Wis.2d 1, 4–5, 194 N.W.2d 298 (1972).[7]

We therefore scrutinize the statutes involved to determine whether they apply to orders under the old code rather than first determining whether equal protection of the laws would otherwise be denied.

The secretary argues that secs. 48.355 (4) and 48.365, Stats., of the new code are clearly inapplicable, when read in light of sec. 990.04, Stats., to a transfer of custody to the department under sec. 48.34 of the old code.[8]

---

[7] The trial court concluded that it was unnecessary to pursue the question of statutory construction because of the court's conclusion that an unconstitutional classification of children had occurred, citing *Jaeger Baking Co. v. Kretschmann*, 87 Wis.2d 375, 383, 275 N.W.2d 97 (Ct. App. 1978). *Jaeger* held that an arguably unconstitutional construction of a statute is to be avoided and did not hold that statutory construction may be avoided by a constitutional holding.

[8] Section 990.04, Stats., provides:

The repeal of a statute hereafter shall not remit, defeat or im-

The secretary asserts that an adjudication of delinquency is at least a civil liability for an offense and that commitment to the department is a penalty. As the new code does not expressly abrogate or abolish liabilities under the old code, the secretary contends that a dispositional order entered after an adjudication of delinquency under the old code is unaffected by the sections of the new code with which we are concerned.

Section 990.04, Stats., deals with the effect of the repeal of a statute upon "civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof." We conclude that statutes affecting the disposition of a child adjudicated delinquent are not within the purview of sec. 990.04.

Neither adjudication of delinquency nor disposition of a delinquent can be classified as a civil liability for an offense within the meaning of sec. 990.04, Stats. "[U]sed in its broadest and most comprehensive sense it [liabil-

pair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof, whether or not in course of prosecution or action at the time of such repeal; but all such offenses, penalties, forfeitures and rights of action created by or founded on such statute, liability wherefor shall have been incurred before the time of such repeal thereof, shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute. And criminal prosecutions and actions at law or in equity founded upon such repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force to the time of final judgment thereon, unless the offenses, penalties, forfeitures or rights of action on which such prosecutions or actions shall be founded shall be specially and expressly remitted, abrogated or done away with by such repealing statute.

ity] would include any obligation which a party was bound in law or justice to perform and is synonymous with responsibility." *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.*, 144 Wis. 386, 403, 129 N.W. 623, 630 (1911). When used in conjunction with the words "offenses committed," as in sec. 990.04, however, "liability" implies guilt or fault.

"[T]he role of the juvenile court is not to determine guilt or to assign fault, but to diagnose the cause of the child's problems and help resolve those problems." *State ex rel. Herget v. Waukesha Co. Cir. Ct.*, 84 Wis.2d 435, 451, 267 N.W.2d 309, 316 (1978). The code "can hardly be said to provide a remedy for a wrong." *State ex rel. Koopman v. Waukesha Co. Ct. Judges*, 38 Wis.2d 492, 498, 157 N.W.2d 623, 626 (1968). The code does not affect a civil claim against the child who is the subject of a juvenile court proceeding. *State ex rel. Herget, supra.*[9] The right of the department to compel a child to undergo a given disposition is a statutory incident to the department's custody of the child and is not a right of action held by the department against the child. The terms of the department's custody can be modified by a statute enacted after custody has been acquired. *State ex rel. Johnson v. Hershman*, 55 Wis.2d 499, 200 N.W.2d 65 (1972).

An adjudication of delinquency or the disposition of a delinquent is even less a "criminal liability for offenses committed" or a penalty or a forfeiture, as those terms are used in sec. 990.04, Stats., than it is a civil liability. Commitment of a juvenile to the department is not for the purpose of penalty or punishment, but to effect a re-

---

[9] Section 48.34(5), Stats., of the new code permits the court to order a delinquent child to make restitution "if the judge considers it beneficial to the well-being and behavior of the child." This newly created disposition does not convert the juvenile court into a court of claims.

sult which will serve the best interests of the child, its parents and the public. *In re Interest of J. K. (a minor)*, 68 Wis.2d 426, 431, 228 N.W.2d 713 (1975). "The entire philosophy of the Children's Code is avowedly the antithesis of criminal prosecution." *Winburn v. State*, 32 Wis.2d 152, 158, 145 N.W.2d 178, 180 (1966).

We conclude that sec. 990.04, Stats., does not require that dispositional orders transferring custody to the department under repealed provisions of the old code be continued under the new code until the date the orders would otherwise expire. Section 990.04 does not prevent the application of secs. 48.355 (4) and 48.365, Stats. 1977, to dispositional orders entered under the old code.

No part of the new Children's Code or the session law which created it clearly establishes whether secs. 48.355 (4) and 48.365, Stats. 1977, are applicable to dispositional orders entered under the old code. The conflict between the new and old codes is such that reasonably well-informed persons could reach different conclusions on the question. Ambiguity can be created by the interaction of separate statutes. *State v. Kenyon*, 85 Wis.2d 36, 49, 270 N.W.2d 160 (1978). Sections 48.355 (4) and 48.365 of the new code are ambiguous with respect to their application to orders under the old code. Statutory construction may therefore be employed to resolve the issue. *Kenyon, supra.*

The aim of statutory construction is to determine the intent of the legislature. *Wieczorek v. Franklin*, 82 Wis. 2d 19, 23, 260 N.W.2d 650 (1978) and cases cited. The cardinal rule is that the purpose of the whole act will be sought and favored over a construction which would defeat the manifest object of the act. *Milwaukee County v. ILHR Dept.*, 80 Wis.2d 445, 453, 259 N.W.2d 118 (1977).

Section 48.01, Stats., of the new code mandates an interpretation of the new code to "effectuate the following express legislative purposes" set forth in detail in that section.[10] Those purposes emphasize use of the family unit and community based programs. The new code expresses an intent to "divert children from the juvenile justice system to the extent this is consistent with protection of children and the public safety." Sec. 48.01(1) (d). The restricted circumstances under which a delinquent child may now be committed to the department under sec. 48.34(4m) are consistent with that emphasis and

[10] Section 48.01, Stats. 1977, provides:

This chapter may be cited as "The Children's Code." This chapter shall be interpreted to effectuate the following express legislative purposes:

(a) To provide judicial and other procedures through which children and all other interested parties are assured fair hearings and their constitutional and other legal rights are recognized and enforced, while protecting the public safety.

(b) To provide for the care, protection and wholesome mental and physical development of children, preserving the unity of the family whenever possible.

(c) Consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefor a program of supervision, care and rehabilitation.

(d) To divert children from the juvenile justice system to the extent this is consistent with protection of children and the public safety.

(e) To respond to children's needs for care and treatment through community-based programs and to keep children in their homes whenever possible.

(f) To assure that children pending adoptive homes will be placed in the best homes available and protected from adoption by persons unfit to have responsibility for raising children.

(2) This chapter shall be liberally construed to effect the objectives contained in this section. The best interests of the child shall always be of paramount consideration, but the court shall also consider the interest of the parents or guardian of the child and the interests of the public.

with the intent to divert children from the juvenile justice system.

Transfer of custody of a delinquent child to the department until the child's eighteenth birthday was thought to be in the best interests of the child under the old Children's Code. Sec. 48.34(3), Stats. 1975. The new code indicates the legislature's present belief that it is now in the better interests of delinquent children that a custody transfer, including transfer to the department, terminate at the end of one year unless the judge specifies a shorter period of time or the period is extended. Secs. 48.355(4) and 48.365, Stats. 1977.

We conclude that the custody termination and extension provisions of the new code, being deemed in the better interests of children than those of the old code, must prevail, regardless when the child was adjudicated delinquent. To conclude otherwise would ignore the command of sec. 48.01(2), Stats., that the new Children's Code "be liberally construed" to effect its objectives and that we give the "best interests of the child . . . paramount consideration."

It is, in view of our construction of the statute, unnecessary to consider the trial court's resolution of the constitutional issue which it assumed existed, even though we reach a similar result on the merits.

The trial court gave the secretary thirty days in which to file petitions to extend dispositional orders entered under the old code, citing *State ex rel. Johnson v. Hershman, supra,* and the requirement that the court consider the protection of the public safety under sec. 48.01(1) (a), Stats. Neither side challenges this part of the order. We incorporate its substance in the mandate. Our mandate will direct the entry of a judgment rather than an order because declaratory judgment is sought.

*By the Court.*—The circuit court is directed to enter judgment declaring that secs. 48.355(4) and 48.365,

Stats. 1977, are applicable to all juveniles whose legal custody is in the department by virtue of adjudication of delinquency and further providing that the department may within thirty days of the date of that court's judgment file petitions to extend the orders by which it acquired such custody prior to the effective date of secs. 48.355 (4) and 48.365, Stats. 1977.