STATE of Wisconsin EX REL. Lucia D. SCOTT,
Complainant-Petitioner,

v.

Jerry SLOCUM, Jr., Respondent.†

Court of Appeals

*No. 82–124. Submitted on briefs September 15, 1982.—
Decided October 19, 1982.*
(Also reported in 326 N.W.2d 118.)

For the complainant-petitioner the cause was submitted on the brief of *Patrick R. Russell,* assistant corporation counsel.

For the respondent the cause was submitted on the brief of *Peter D. Goldberg,* assistant state public defender.

Before Decker, C.J. Moser, P.J. and Wedemeyer, J.

WEDEMEYER, J. Jerry Slocum (Slocum) was named as the putative father in a paternity action. When Slocum made his first appearance before a family court commissioner, he denied that he was the father of the child. The commissioner then ordered that Slocum submit to a blood test. Slocum then moved that this blood test order be vacated. The Honorable Patrick T. Sheedy granted Slocum's motion. We affirm.

† Petition to review denied. HEFFERNAN, J., took no part.

The procedure for determining paternity was substantially amended by the legislature in 1980. Under the present law, the summons and petition notifies the putative father that he must appear before the court or family court commissioner. This first appearance commences the proceedings. The putative father is informed of his rights at this appearance by the court or family court commissioner, including the right of the parties to request blood tests, sec. 767.456 (4), Stats., and the right of the putative father to request a blood test to demonstrate that he is not the father, sec. 767.456 (3). The next hearing is a pretrial hearing in front of the court or family court commissioner. At this hearing a record is kept, parties may present and cross-examine witnesses and may request blood tests. Sec. 767.46 (1), Stats. The court assesses the probability of determining paternity at a trial and makes a recommendation of settlement based on its evaluation of the evidence on the record. If the recommendation is not accepted and blood tests have not yet been taken (*see* sec. 767.46 (4)), the court shall require the parties to submit to blood tests. After this has been accomplished, the court shall make a final recommendation. Sec. 767.46 (4).

This procedure clearly indicates that the parties may request that blood tests be taken (secs. 767.456 (4) and 767.48 (1), Stats.). The law does not state that the court or family court commissioner may order the putative father to take a blood test at the first appearance. Only after the court has determined at the pretrial hearing that there is a probability that paternity can be established in a trial and that a judicial determination of paternity is in the best interests of the child can it order that the putative father shall take a blood test. Once the above two requirements have been fulfilled, a blood test order may be issued. After the blood tests are taken and examined, the court makes a final

recommendation, and if that is not accepted, the action goes to trial.

The disposition of this case on statutory grounds makes it unnecessary to decide the constitutional issue. *State ex rel. State Public Defender v. Percy*, 97 Wis.2d 627, 632, 294 N.W.2d 528, 531 (Ct. App. 1980).

*By the Court.*—Order affirmed.