RICHARD FLINTROP, Executive Director Council on Criminal Justice
You have requested my opinion as to whether the Wisconsin Council on Criminal Justice (WCCJ) and its staff can have legal access, without a court order, to the juvenile records maintained by county courts, law enforcement and social service agencies to research juvenile justice issues and policies.
In evaluating your request, this office has considered the statutory duties of the WCCJ and statutes and case law dealing with juvenile records in Wisconsin. In light of this analysis, I conclude that the legislative intent is fulfilled if WCCJ is permitted access to the law enforcement and social service files of Wisconsin juveniles without a court order. However, in view of the more stringent requirements attached to juvenile court records and the policies behind keeping them sealed, it is my opinion that the WCCJ may not have access to juvenile court records without a court order.
In answering your question, we have relied on the following facts stated in your request for an opinion. WCCJ requests access to personal and identifying information to determine appropriate research subjects. Once these subjects are identified, WCCJ will collect research data but will not disseminate or publish any information which could lead to the identification of individual subjects in the study. The WCCJ staff believes it needs access to these juvenile records to undertake legislatively mandated studies, evaluations, and analyses. It has been the WCCJ's experience that courts generally grant requests for orders providing their staff with access to juvenile records; however, the process of obtaining orders from the *Page 19 
judge of each county is cumbersome and time consuming. Because the WCCJ's current study requires access to the juvenile records of thirty-five counties, it wishes to improve efficiency by bypassing the requirement of a court order granting access in every county.
The duties of the WCCJ are defined in section 16.969, Stats. (1983), created by 1983 Wisconsin Act 27, section 111, as follows:
 (1) GENERAL DUTIES AND FUNCTIONS. The council on criminal justice shall:
 (a) Serve as the state planning agency under the juvenile justice and delinquency prevention act of 1974, P.L. 93-415.
 (b) Collect from any state or local governmental entity information, data, reports, statistics or other material which is necessary to perform the council's duties and functions.
 (c) Prepare a state comprehensive juvenile justice improvement plan on behalf of the governor. The plan shall be submitted to the joint committee on finance in accordance with s. 16.54 and to the appropriate standing committees of each house of the legislature as determined by the presiding officer of each house. The plan shall be updated periodically and shall be based on an analysis of the state's juvenile justice needs and problems.
 (d) Recommend appropriate legislation in the criminal justice field to the governor and the legislature.
 (e) Conduct evaluation studies involving programs and projects funded in whole or in part by the state aimed at reducing crime and delinquency and improving the administration of justice.
 (f) Conduct other studies, evaluations, crime data analyses and reports to be submitted to the governor or the legislature as requested by the governor.
(2) CRIMINAL STATISTICS. (a) In this subsection:
 1. "Law enforcement agency" means a governmental unit of one or more persons employed full time by the state or a political subdivision of the state for the purpose of preventing and detecting crime and enforcing state laws or local ordinances, employes of which unit are authorized to make arrests for crimes while acting within the scope of their authority. *Page 20 
 2. "Offense" means an act which is a felony, a misdemeanor or a violation of a city, county, village or town ordinance.
(b) The council on criminal justice shall:
 1. Collect information concerning the number and nature of offenses known to have been committed in this state and such other information as may be useful in the study of crime and the administration of justice. The council may determine any other information to be obtained regarding crime statistics. The information shall include such data as may be requested by the federal bureau of investigation under its system of uniform crime reports for the United States.
 2. Furnish all reporting officials with forms and instructions which specify the nature of the information required under subd. 1, the time it is to be forwarded, the method of classifying and any other matters which facilitate collection and compilation.
 3. Make available all statistical information obtained to the governor and the legislature.
 4. Prepare and publish reports and releases, at least once a year, containing the statistical information gathered under this paragraph and presenting an accurate picture of crime in this state.
 5. Cooperate with other agencies of this state, the crime information agencies of other states and the uniform crime reports system of the federal bureau of investigation in developing and conducting an interstate, national and international system of criminal statistics.
 (c) All persons in charge of law enforcement agencies shall supply the council with the information described in par. (b) I on the basis of the forms and instructions to be supplied by the council under par. (b) 2.
 (3) EXECUTIVE DIRECTOR AND STAFF. The governor shall appoint an executive director who shall serve at the pleasure of the governor. The executive director shall appoint all other staff. To the extent possible, staff vacancies shall be filled by persons with recall rights from layoff from the council in existence prior to the effective date of this section (1983).
Section 16.969(1) (1983) is essentially a renumbering of former section 14.27 (1981-82) with no substantive changes. Section *Page 21 
16.969(2), however, creates an entirely new subsection and directs the council to collect data and conduct studies. It does not specifically address the issue of access to confidential material. You have asked about access to three different types of juvenile records: law enforcement agency records, social service agency records and court records. Each category of record is governed by a different statute and I therefore will address each separately.
Section 48.396(1), the statutory provision regarding the confidentiality of law enforcement agencies' juvenile records, provides as follows:
Records
 (1) Peace officers' records of children shall be kept separate from records of persons 18 or older and shall not be open to inspection or their contents disclosed except by order of the court or according to s. 48.293. This subsection shall not apply to the representatives of newspapers or other reporters of news who wish to obtain information for the purpose of reporting news without revealing the identity of the child involved or to the confidential exchange of information between the police and officials of the school attended by the child or other law enforcement or social welfare agencies or to children 16 or older who are transferred to the criminal courts.
Under this statute, law enforcement agencies may provide the confidential exchange of their records to WCCJ, if WCCJ is considered to be an "other law enforcement or social welfare agency." These terms are not defined in section 48.396(1) itself nor in section 48.02, the definition section. In addition, the Wisconsin statutes provide no general definition of "law enforcement agencies."
To ascertain the meaning of the terms, it is permissible to look to the legislative intent of the statute, as indicated by its language, scope, history, context, subject matter and the object intended to be accomplished. State ex rel. Arnold v.County Court, 51 Wis.2d 434, 439-40, 187 N.W.2d 354 (1971) (citation omitted). The Wisconsin Supreme Court has enunciated the purpose behind the confidentiality provision regarding juvenile police records:
 Confidentiality is essential to the goal of rehabilitation, which is in turn the major purpose of the separate juvenile justice system. In theory, the role of the juvenile court is not to determine guilt or to assign fault, but to diagnose the cause of the *Page 22 
child's problems and help resolve those problems. The juvenile court operates on a "family" rather than a "due process" model. Confidentiality is promised to encourage the juvenile, parents, social workers and others to furnish information which they might not otherwise disclose in an admittedly adversary or open proceeding. Confidentiality also reduces the stigma to the youth resulting from the misdeed, an arrest record and a juvenile court adjudication.
State ex rel. Herget v. Circuit Court for Waukesha County,84 Wis.2d 435, 451, 267 N.W.2d 309 (1978) (footnotes omitted).Accord: State ex rel. State Public Defender v. Percy,97 Wis.2d 627, 634-35, 294 N.W.2d 528 (Ct.App. 1980).
The Wisconsin Legislature has designated WCCJ as the state planning agency under the federal juvenile justice and delinquency prevention act and has specified its duties relating to the criminal justice system, including the duty to recommend legislation in the criminal justice field and evaluate programs aimed at reducing crime and delinquency. The purpose of the council is entirely consistent with the rehabilitative goals of the juvenile confidentiality statute. Therefore, I believe the WCCJ could be construed as a law enforcement agency within the meaning of section 48.396(1) so that it could have access to law enforcement records on juveniles without a court order.
This interpretation is complicated, however, by the fact that new subsection 16.969(2)(a)1. specifically defines the term "law enforcement agency" as a governmental unit whose employes have enforcement and arrest powers. This definition by its own terms does not include the council. One might argue. therefore, that the council is not a law enforcement agency. I find this argument unpersuasive because of the general rule that when a statute defines a term, it is understood that the definition controls only as to that particular statute, and that it is not controlling In other contexts. 2A Sands Sutherland StatutoryConstruction sec. 47.07 (1973). Thus, the definition of law enforcement agency found in section 16.969(2)(a)1. does not define that term as it is used in section 48.396(1). The more sensible way to interpret the statute is to focus on the intent of the Legislature in limiting access to juvenile police records. That intent is served by allowing WCCJ access to the records under section 48.396(1). *Page 23 
It should also be noted that WCCJ may have access to some law enforcement agency records on juveniles under the terms of sections 16.969(2)(b)1. and (2)(c). Those subsections provide that such agencies must provide requested information to the WCCJ on the number and nature of the offenses known to have been committed in the state and such other information as may be useful in the study of crime and the administration of justice. The information WCCJ requires for its studies may, in many instances, fall within the terms of this statute and, to the extent that they do, the council would have access to that information without a court order.
Section 48.78 (1981-82), regarding the confidentiality of social service agency records, provides as follows:
 Confidentiality of records. Records kept or information received by the department, county agencies specified in s. 48.56, licensed child welfare agencies, licensed day care centers and licensed maternity hospitals regarding individuals in their care or legal custody shall not be open to inspection or their contents disclosed except as provided under ss. 48.432 and 48.433 or by order of the court. This section does not apply to the confidential exchange of information between these agencies or other social welfare or law enforcement agencies regarding individuals in the care or legal custody of one of the agencies. This section does not prohibit the department or a county department of public welfare or social services from using in the media a picture or description of a child in the guardianship of the department or a county department of public welfare or social services for the purpose of finding adoptive parents for that child.
Because WCCJ may be considered a law enforcement agency for the purpose of obtaining certain records as discussed above, I believe this statute would permit the confidential exchange of information to WCCJ from a social service agency without a court order. The terms of the statute, however apply only to information regarding individuals in the care or legal custody of one of the agencies. Information regarding individuals who are no longer in the care or custody of the agencies would not be available.
Section 48.396(2) (1983), which governs the confidentiality of juvenile court records, as amended by 1983 Wisconsin Act 487 provides as follows: *Page 24 
 (2) Records of the court assigned to exercise jurisdiction under this chapter and of courts exercising jurisdiction under s. 48.17(2) shall be entered in books or deposited in files kept for that purpose only. They shall not be open to inspection or their contents disclosed except by order of the court assigned to exercise jurisdiction under this chapter. Upon request of the department to review court records for the purpose of monitoring and conducting periodic evaluations of activities as required by and implemented under 45 CFR 1355, 1356, 1357 and 1392, the court shall open those records for inspection by authorized representatives of the department. Upon request of the federal government to review court records for the purpose of monitoring and conducting periodic evaluations of activities as required by and implemented under 45 CFR 1355, 1356, 1357 and 1392, the court shall open those records for inspection by authorized representatives of the federal agency.
This section was recently amended to add specific exceptions allowing representatives of the Department of Health and Social Services and federal government access to records for specific purposes. This section provides no exception allowing law enforcement agencies access to the records without a court order. There is no specific exception for studies done by the council. Section 16.969 (1983), makes no mention of court records. Therefore, I conclude that access to court records by WCCJ may not be obtained absent a court order.
Although the WCCJ's need for access to the records may be the same whether the records are police or court records, the Legislature has chosen to provide more strict confidentiality for court records. I find no authority which would allow WCCJ to circumvent the requirement of a court order for access to juvenile court records.
It should be emphasized that the issue you have raised regarding court records is not whether WCCJ may ultimately have access to the records, but is only whether it may have access without obtaining a court order. The requirement of a court order is to allow the court, rather than the requesting party, to determine which records shall be made available. This ensures the greatest protection of the juveniles' right to confidentiality without prohibiting access entirely. Section 48.01(2) (1981-82), provides that in interpreting and applying the Children's Code, the best interest of the *Page 25 
child shall always be of paramount consideration, but the court must also consider the interests of the public. The Wisconsin Supreme Court has emphasized that the Children's Code expresses the Legislature's determination that the best interests of the child and the administration of the juvenile justice system require the protection of confidentiality of juvenile records.Herget, 84 Wis.2d at 450-51. Although Herget involved an earlier version of the Children's Code, the policy it expresses is still very applicable to the current statutes. In light of this state's strong policy of protecting the confidentiality of juvenile records., as evinced by section 48.396(2) which provides no exceptions to the requirement of a court order for disclosure of juvenile court records, I must conclude that WCCJ cannot have access to juvenile court records without a court order.
Therefore, I conclude that WCCJ has access to law enforcement agency and social service agency records, to the extent provided by sections 48.396(1) and 48.78 (1981-82), without a court order because the council is a law enforcement agency within the meaning of those statutes. I conclude, however, that the council does not have access to juvenile court records without a court order because of the strict provision of section 48.396(2) (1983).
Finally, I must remind you that the access you have to confidential records, either obtained with or without a court order, does not destroy the confidential nature of the records. In conducting any study dealing with children, WCCJ should remain mindful of Wisconsin's strong policy in favor of confidentiality where children are concerned. All efforts should be made to maintain the confidentiality of the information you receive. See,e.g., 57 Op. Att'y Gen. 187 (1968).
BCL:SLW