Barbara SPRAGUE, mother, and Jason
Sprague, a minor, by Geoffrey Van Remmen, his
Guardian ad Litem, and Linda Reivitz,
Plaintiffs-Respondents,

v.

Louise SPRAGUE and State Farm Insurance
Company, Defendants,

Donald J. SCHKIRKIE, Marian A. Schkirkie
and Shelby Mutual Insurance Company,
Defendants-Appellants.

Court of Appeals

*No. 85–2273. Submitted on briefs April 17, 1986.—Decided
May 14, 1986.*

(Also reported in 389 N.W.2d 823.)

For the defendants-appellants, the cause was submitted on the briefs of *Werner E. Scherr* and *Rick E. Hills* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

For the defendants-respondents, the cause was submitted on the briefs of *Russell M. Ware* of *Schoone, McManus, Hankel, Ware & Fortune, S.C.* of Racine.

For the plaintiffs-respondents, the cause was submitted on the briefs of *Albert, Jude & Van Remmen, S.C.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. The sole issue on appeal is whether the trial court properly computed damages under sec. 174.02(1)(b), Stats., which provides that the owner of a dog is liable for double the damages caused by the dog if the owner had knowledge that the dog previously injured a person. Because we are persuaded that the trial court erroneously computed the damages for which the dog owner was liable, we reverse.

In September 1982, Jason Sprague was bitten by a dog owned by Donald Schkirkie. Jason's mother, Barbara Sprague, commenced a negligence action against Schkirkie and Jason's grandmother, Louise Sprague, who was supervising Jason's activities on the day of the incident. Barbara also alleged a cause of action under sec. 174.02, Stats. The case was heard by a jury, which returned a verdict finding Schkirkie fifty percent negligent and Louise fifty percent negligent. Damages of $8544.78 were awarded by the jury.

In motions after verdict, Barbara claimed that double damages under sec. 174.02(1)(b), Stats., applied to the jury's damage award. The trial court agreed and entered judgment against Schkirkie for double the total amount of damages less the amount attributable

to Louise's negligence.[1] Schkirkie argues that the trial court erred by first doubling the total amount of damages and then subtracting the amount attributable to Louise's negligence. Rather, argues Schkirkie, the trial court should have halved the damage award in accordance with the negligence determination of the jury and then doubled the amount attributable to Schkirkie's negligence.[2] We agree.

Resolution of the issue raised here requires us to interpret sec. 174.02(1)(b), Stats.[3] Statutory construction presents a question of law. *In re I.V.,* 109 Wis. 2d 407, 409, 326 N.W.2d 127, 128 (Ct. App. 1982). As such, this court owes no deference to the conclusion of the trial court. *Id.*

We conclude the statute is ambiguous. "Ambiguity arises when more than one reasonable, although not necessarily correct, meaning can be attributed to a word, phrase or statute." *West Allis School District v. DILHR,* 116 Wis. 2d 410, 418–19, 342 N.W.2d 415, 420 (1984). Here, the statute does not on its face advise whether damages are to be doubled before or after an allowance for the negligence attributed to a joint tortfeasor is considered. Either conclusion is reasonable. Therefore, we must construe the statute.

---

[1] Under this computation, Schkirkie's liability was $12,817.17.

[2] Schkirkie's liability would then be $8544.78, rather than $12,817.17.

[3] The statute has been amended, *see* 1983 Wis. Act 451, §§ 11, 12, but the amendment does not have any bearing on the issue before us.

■ Multiple damages imposed pursuant to the forerunner of sec. 174.02(1)(b), Stats., are punitive in nature. *Cieslewicz v. Mutual Service Casualty Insurance Co.,* 84 Wis. 2d 91, 99, 267 N.W.2d 595, 599 (1978). The purposes of punitive damages are to punish the wrongdoer and to deter others from like conduct. *Id.* at 100, 267 N.W.2d at 599. Likewise, the present sec. 174.02 contains the same components of punishment and deterrence. The statute seeks to punish those who harbor or keep a dog with a known propensity for unprovoked assaults and to deter others from doing the same.

■ We acknowledge that a reasonable alternative interpretation of the statute can lead to the position urged by Barbara, i.e., that the total damage amount is first doubled and then any amount attributable to the negligence of another is subtracted. The aim of all statutory construction is to discern the intent of the legislature. *State ex rel. State Public Defender v. Percy,* 97 Wis. 2d 627, 635, 294 N.W.2d 528, 532 (Ct. App. 1980). The spirit and intention of the statute should govern, however, over the literal meaning. *Town of Menominee v. Skubitz,* 53 Wis. 2d 430, 437, 192 N.W.2d 887, 890 (1972). We are persuaded here that the doubling of damages under sec. 174.02(1)(b), Stats., ought to operate only after application of the laws of comparative negligence. *See Dawson v. Jost,* 35 Wis. 2d 644, 651–52, 151 N.W.2d 717, 720–21 (1967). This interpretation is consistent with the purposes of punishment and deterrence described above.

Moreover, our interpretation avoids an absurd or unreasonable result. Such interpretations are to be avoided. *See State Central Credit Union v. Bigus,* 101

Wis. 2d 237, 242, 304 N.W.2d 148, 150–51 (Ct. App. 1981). As Schkirkie points out, Barbara's interpretation can lead to such a result in the case where a dog owner is minimally negligent and another tort-feasor is negligent to a much greater extent. By doubling the full damages under sec. 174.02, Stats., a dog owner could be liable for a disproportionate amount of the damages, given the owner's small degree of negligence. We are convinced that such a result is unreasonable and unintended. We will favor a construction which fulfills the purpose of the statute over a construction which defeats the manifest object of the statute. *Percy,* 97 Wis. 2d at 635, 294 N.W.2d at 532. The dog owner's liability should have some relation to his or her responsibility.

We therefore reverse and remand for a recomputation of damages consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded.