## Kathyrn A. STEINBARTH and Kurt D. Steinbarth, Plaintiffs-Appellants† and Cross-Respondents,

### v.

## Bernard J. JOHANNES and Classified Insurance Corp., Defendants-Respondents and Cross-Appellants.

Court of Appeals

*No. 85–2202. Submitted on briefs January 29, 1987.—Decided March 18, 1987.*

(Also reported in 405 N.W.2d 728.)

---

† Petition to review filed. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiffs-appellants and cross-respondents the cause was submitted on the briefs of *Douglas J. Ondrasek* of *Edgarton, Ondrasek, Hobbs, Petak & Massey* of Fond du Lac.

For the defendants-respondents and cross-appellants the cause was submitted on the brief of *Charles W. Averbeck* of *Hauer, Averbeck & Hammer Law Offices, S.C.* of Fond du Lac.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Kathryn A. and Kurt D. Steinbarth (the Steinbarths), adult children of Patricia A. Johannes, deceased, appeal from an order dismissing their complaint for failure to state a claim for wrongful death under sec. 895.04, Stats. The deceased's surviving spouse, Bernard J. Johannes (Johannes), cross-appeals from the trial court's denial of frivolous action costs and fees to him and Classified Insurance Corp., Johannes' homeowner's insurance carrier (hereinafter referred to as Johannes).

The primary issue on appeal is whether sec. 895.04, Stats., grants to adult children a cause of action for wrongful death of a parent when there is a surviving spouse who negligently or intentionally killed the deceased parent.[1] Because we conclude that sec. 895.04 is clear and unambiguous in providing that when there is a surviving spouse the adult children cannot recover under the wrongful death statute, we affirm. We also affirm the trial court's denial of frivolous action costs and fees to Johannes.

Patricia A. Johannes died on October 25, 1984 at her home as a result of two gunshot wounds allegedly fired by Bernard Johannes, her husband. The Steinbarths, the biological children of the decedent from a prior marriage, commenced a wrongful death action, alleging that Johannes either negligently or intentionally killed their mother and that they were damaged. The damages alleged included, among other things, funeral expenses and pecuniary injury for which they sought $600,000 in compensatory damages and $500,000 in punitive damages. The trial court held, pursuant to sec. 895.04, Stats., that the Steinbarths as adult children cannot sue for the wrongful death of their mother because Johannes is a surviving spouse. The court did not distinguish between a negligent act causing death and an intentional act causing death.

■

Statutory construction presents a question of law. *Sprague v. Sprague,* 132 Wis. 2d 68, 71, 389 N.W.2d 823, 824 (Ct. App. 1986). When reviewing questions of

---

[1]We certified this case to the supreme court. The supreme court denied certification.

law, this court owes no deference to the conclusion of the trial court. *Id.*

The threshold question we must address is whether the relevant statute is ambiguous. *Standard Theatres, Inc. v. Department of Transp.*, 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984). When the language of a statute is clear and unambiguous, the statute must be interpreted on the basis of the plain meaning of its terms. *State v. Wittrock,* 119 Wis. 2d 664, 670, 350 N.W.2d 647, 651 (1984).

Section 895.04(1) and (2), Stats., in relevant part reads as follows:

> **Plaintiff in wrongful death action.** (1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.
> (2) If the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support the deceased was legally charged, the court ... shall determine the amount, if any, to be set aside for the protection of such children .... *If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01;* if no lineal heirs survive, to the deceased's brothers and sisters. [Emphasis added.]

Section 895.04(1), Stats., provides that a cause of action for wrongful death is available to either the personal representative of the deceased person or to "the person to whom the amount recovered belongs." Section 895.04(2) provides that a cause of action for wrongful death is available to the adult children as

185

the deceased's lineal heirs as determined by sec. 852.01, Stats.,[2] *only if* no spouse survives. On its face, sec. 895.04(1) is clear and unambiguous. However, "'[e]ven when a statute appears unambiguous on its face, it can be rendered ambiguous by its interaction with and its relation to other statutes.'" *County of Dane v. Racine County,* 118 Wis. 2d 494, 497, 347 N.W.2d 622, 625 (Ct. App. 1984) (quoting *State v. White,* 97 Wis. 2d 193, 198, 295 N.W.2d 346, 348 (1980)).

The Steinbarths argue that Johannes, although a "surviving spouse," must *not* be viewed as a "spouse qualified to take" under sec. 895.04(2), Stats., because all of sec. 852.01, Stats., including the intentional killing provision of subsec. (2m), is incorporated by reference. They argue that public policy dictates that if a spouse who kills his or her mate is not a "surviving spouse qualified to take" under a statute of descent and distribution, then, *a fortiori,* a tortfeasor spouse is not a "surviving spouse qualified to take" under sec. 895.04(2) either[3] because he or she is

---

[2]Section 852.01(1) and (2m), Stats., provides in relevant part:

**Basic rules for interstate succession.** (1) WHO ARE HEIRS. The net estate of a decedent which he has not disposed of by will, whether he dies without a will, or with a will which does not completely dispose of his estate, passes to his surviving heirs as follows:

(2m) REQUIREMENT THAT HEIR NOT HAVE INTENTIONALLY KILLED THE DECEASED. (a) If any person who would otherwise be an heir under sub. (1) has feloniously and intentionally killed the decedent, the net estate not disposed of by will passes as if the killer had predeceased the decedent.

[3]The Steinbarths argue that other jurisdictions support their position. *See* Annotation, *Fact that Tortfeasor is a Member of Class of Beneficiaries as Affecting Right to Maintain Action for Wrong-*

considered to have predeceased the decedent. Thus, they contend that incorporation of sec. 852.01(2m) into sec. 895.04(2) is necessary to prevent Johannes, an alleged intentional or negligent killer of the deceased, from escaping liability because of his status as surviving spouse.

The Steinbarths misread the wrongful death statute. First, sec. 895.04(2), Stats., specifically states that the reference to sec. 852.01, Stats., to determine the deceased's lineal heirs occurs *only if* no spouse survives. Thus, if a spouse survives, no reference is to be made to sec. 852.01. *Cogger v. Trudell,* 35 Wis. 2d 350, 151 N.W.2d 146 (1967), supports this interpretation.

*Cogger* was a negligence action by the deceased's minor children against the deceased's husband who was driving the car in which the mother was a passenger. The court held that the 1961 amendment to sec. 895.04(2), Stats.,[4] did not have the effect of creating a right of recovery for the minor children independent of, and of equal priority to, the surviving spouse's right of recovery. The court concluded that the amendment did not change the court's prior holding that, under the statute, "[s]urviving children had no cause of action as long as the surviving spouse of decedent remained alive." *Id.* at 355, 356–57, 151 N.W.2d at 149–50.

*ful Death,* 95 A.L.R.2d 585, 587–89, 590–91 (1964), and S. Speiser, *Recovery for Wrongful Death 2d,* § 5:24, at 639 (1975).

[4]The 1961 amendment to sec. 895.04(2), Stats. (then sec. 331.04(2), Stats.), added the provisions which authorized a court to set aside a portion of the surviving spouse's recovery for the benefit of the minor children. *See* chs. 285 and 649, Laws of 1961.

■ We therefore conclude that the unambiguous language of sec. 895.04(2), Stats., does not grant a new cause of action under the wrongful death statute to the lineal heirs defined in sec. 852.01(1), Stats. Instead, sec. 895.04(2) merely permits reference to sec. 852.01(1) for the purpose of determining who the lineal heirs of the decedent are, not for determining who has standing in a wrongful death action pursuant to sec. 895.04(1).

The Steinbarths next argue that numerous other statutes[5] establish a legislative policy of denying all rights to recovery to a beneficiary who has intentionally killed the decedent and that the sole exception to this policy is the wrongful death statute. As such, they contend that the trial court's interpretation of sec. 895.04(1) and (2), Stats., denies them equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution. We disagree.

We cannot impute the intentional killer provision explicitly incorporated in other statutes into the wrongful death statute on public policy grounds or otherwise, since the clear and unambiguous language of sec. 895.04(2), Stats., strictly limits that right of recovery. The supreme court in *Weiss v. Regent Properties, Ltd.,* 118 Wis. 2d 225, 230, 346 N.W.2d 766, 768 (1984), stated:

---

[5]*See* sec. 632.485, Stats. (life insurance policies); sec. 700.17(2)(b), Stats. (joint tenancy arrangements); sec. 853.11(3m), Stats. (wills); sec. 895.43, Stats. (contracts); and sec. 895.435, Stats. (recovery of "any benefit" generally). Each of these statutes incorporates the intentional killing provision, thus allowing the next preferred beneficiary the right to recovery.

A cause of action for wrongful death is purely statutory because at common law no such right to recovery existed. The right to recover damages for wrongful death is, therefore, *limited strictly to the parties the legislature has designated under sec. 895.04(2).* [Citation omitted; emphasis added.]

When a statute is clear on its face, we must determine its meaning without resort to the legislative history. *Department of Transp. v. Transportation Comm'n,* 111 Wis. 2d 80, 87–88, 330 N.W.2d 159, 162 (1983). However, even if we were to assume that the statute is ambiguous, the preamble of 1981 Wis. Act 228, which created the intentional killing provision, is not supportive of the Steinbarths' position. The preamble states:

AN ACT to renumber 700.17(2); and to create 632.485, 700.17(2)(b), 852.01(2m), 853.11(3m), 895.43 and 895.435 of the statutes, relating to *preventing persons from receiving property* by contract, by will or by intestacy from persons they have intentionally and feloniously killed. [Emphasis added.]

We conclude that since the legislature, in creating the intentional killing provision in each of the aforementioned statutes, made no reference to sec. 895.04, Stats., it intended that the intentional killing provision was to be applicable only to statutory causes of action which grant property benefits to a beneficiary.[6]

[6]The property rights that a tortfeasor beneficiary is precluded from receiving include life insurance, joint tenancy property, inheritance under the intestacy statute, inheritance under a will, and receipt of benefits under contractual arrangements other than life insurance.

The Steinbarths further argue that, as relatives, sec. 895.04(5), Stats.,[7] provides to them recovery of funeral expenses they incurred on behalf of their mother. This language, however, is intended to create a right of action in a relative *only if* he or she is a party to whom "the amount recovered" belongs, pursuant to sec. 895.04(1), Stats. The entire section of a statute and related sections are to be considered in its construction or interpretation. *Arneson v. Arneson,* 120 Wis. 2d 236, 243, 355 N.W.2d 16, 19 (Ct. App. 1984). Thus, sec. 895.04(1) must be read in conjunction with sec. 895.04(5). We therefore conclude that because the Steinbarths have no cause of action under sec. 895.04(1), they likewise have no cause of action to recover funeral expenses under sec. 895.04(5). Similarly, we conclude that sec. 895.04(4)[8] must be read in

---

[7]Section 895.04(5), Stats., reads as follows:

If the personal representative brings the action, the personal representative may also recover the reasonable cost of medical expenses, funeral expenses, including the reasonable cost of a cemetery lot, grave marker and perpetual care of the lot. *If a relative brings the action, the relative may recover such medical expenses, funeral expenses, including the cost of a cemetery lot, grave marker and perpetual care of the lot, on behalf of himself or herself or of any person who has paid or assumed liability for such expenses.* [Emphasis added.]

[8]Section 895.04(4), Stats., states in relevant part:

Judgment for damages for pecuniary injury from wrongful death may be awarded to *any person entitled to bring a wrongful death action.* [Emphasis added.]

The Steinbarths do not refer specifically to sec. 895.04(4) in their brief, but it is the appropriate statutory section which addresses the issue of damages for a pecuniary injury.

conjunction with sec. 895.04(1) and therefore does not provide a cause of action for the Steinbarths either.[9]

Last, we reject Johannes' cross-appeal for frivolous action costs and fees. Although we reject the statutory interpretation urged by the Steinbarths on equal protection and public policy grounds, we conclude, as did the trial court, that their ingenuity in trying to urge a new interpretation should not be punished as a frivolous action. *See Robertson-Ryan & Assoc., Inc. v. Pohlhammer,* 112 Wis. 2d 583, 588–90, 334 N.W.2d 246, 249–50 (1983). Therefore, we affirm the trial court's denial of frivolous action costs and fees to Johannes.[10]

*By the Court.*—Orders affirmed.

---

[9]Even if an estate brings an action in a representative capacity and initially recovers for the pecuniary injury, "the amount recovered shall belong and be paid to" the beneficiaries designated in sec. 895.04(2), Stats. The proceeds do not belong to the estate itself. *Weiss v. Regent Properties, Ltd.,* 118 Wis. 2d 225, 231–32, 346 N.W.2d 766, 769 (1984).

[10]It is evident that the legislature never considered a fact situation such as this. It is the legislature's prerogative and its prerogative alone to expand the wrongful death statute so as to allow actions such as this one.